464 So.2d 193 (1985)
Ronnie Dewey BROWN, Appellant,
v.
STATE of Florida, Appellee.
Nos. AY-166, AY-466.
District Court of Appeal of Florida, First District.
February 12, 1985.
Rehearing Denied March 25, 1985.
Michael J. Minerva, Asst. Public Defender, Tallahassee, for appellant.
Gregory C. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Brown, having pled nolo contendere, appeals his conviction and sentence, entered on charges of aggravated battery, aggravated assault, carrying a concealed weapon, unarmed burglary of a structure, dealing in stolen property, and grand theft of property over $20,000. He raises four issues on appeal:
(1) Whether his sentence should be vacated for failure of the trial court to inform him that in electing to be sentenced under the sentencing guidelines he was waiving his right to parole;
(2) Whether the court erred in departing from the guidelines sentence without stating clear and convincing reasons;
(3) Whether the court, in convicting and sentencing Brown of both theft and trafficking of the same stolen property, violated section 812.025, Florida Statutes (1983); and
(4) Whether the imposition of consecutive minimum mandatory sentences for aggravated assault and aggravated battery *194 was improper when the parties had agreed that the circumstances of the two offenses constituted a single transaction.
We affirm on issues 1, 2, and 3, and reverse on issue 4.
On June 24, 1983, a sporting goods store was broken into and firearms valued at $20,000 stolen. On that same day, defendant and two other persons sold a large number of these guns to several other individuals. Two months later, on August 28, 1983, defendant was at a taco restaurant and got into an argument with two men. During the confrontation, defendant pulled out a handgun, pointed it at the face of one of the men, and said, "Your life is not worth fifty cents." Defendant then chased this individual outside the restaurant and down the street. The other man involved in the argument, and two women who were with them, got into a car and began chasing defendant. Defendant fired his gun at the person he was chasing and then turned and fired it at the car, hitting the man in the vehicle in the side of the head.
Defendant was arrested and charged in one information with aggravated assault, aggravated battery, shooting into an occupied vehicle, and carrying a concealed weapon. In another information, he was charged with armed burglary of a structure, trafficking in firearms, and grand theft of firearms valued at $20,000 or more. At a consolidated hearing, defendant pled nolo contendere to aggravated battery, aggravated assault, and carrying a concealed firearm and, further, pled nolo contendere to armed burglary of a structure, dealing in stolen property, and grand theft of property valued at over $20,000. At the plea hearing, defendant's counsel stated that the plea negotiations were built around the sentencing guidelines and that defendant desired to accept sentencing under the guidelines.
A sentencing hearing was held February 17, 1984, at which it was determined that under the guidelines defendant's recommended sentence was between four and a half to five and a half years incarceration. The court departed from the guidelines and imposed a total sentence of forty years for all the offenses, setting forth written reasons for departure from the guidelines.
The first issue is whether defendant's constitutional right of protection against ex post facto laws was violated when he was sentenced under the guidelines without the court having determined that he knowingly and intelligently waived his right to parole when he elected application of the guidelines. This issue has been addressed in several recent decisions of this court. Jones v. State, 459 So.2d 1151 (Fla. 1st DCA 1984); Coates v. State, 458 So.2d 1219 (Fla. 1st DCA 1984); Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984); Johnson v. State, 462 So.2d 49 (Fla. 1st DCA 1984). In each of these cases, it was held that if a defendant "affirmatively selects" to be sentenced pursuant to the guidelines, it is not necessary that there be a showing that he voluntarily and intelligently waived his parole eligibility. In the present case, it is clear that the defendant did "affirmatively select" to be sentenced pursuant to the guidelines. In view of these previous decisions, we reject defendant's argument and affirm on issue 1. We recognize, however, meritorious arguments with respect to both sides of this issue (see Judge Ervin's dissenting opinion in Jones v. State, supra); therefore, we certify to the Florida Supreme Court the following question as one of great public importance:
WHETHER A DEFENDANT'S CONSTITUTIONAL RIGHT OF PROTECTION AGAINST EX POST FACTO LAWS IS VIOLATED, WHEN HE AFFIRMATIVELY SELECTS, PURSUANT TO SECTION 921.001(4)(a), FLORIDA STATUTES (1983), TO BE SENTENCED PURSUANT TO THE GUIDELINES BUT THERE IS NO SHOWING IN THE RECORD THAT THE COURT EXPLAINED THAT BY SELECTING GUIDELINES SENTENCING THE DEFENDANT WAIVES HIS ELIGIBILITY FOR PAROLE.
Defendant's second point is that the court failed to set forth sufficient clear and convincing reasons for departing from the *195 guidelines sentence and that the court's departure from the guidelines sentence was excessive. With respect to the latter argument, it has been held that there is no basis in the sentencing guidelines rules or statutes for setting aside a sentence as excessive so long as it is within the statutory maximum. Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984); Dorman v. State, 457 So.2d 503 (Fla. 1st DCA 1984). We affirm the trial court's departure from the guidelines since the court set forth clear and convincing reasons for such departure.
Defendant's third point on appeal is that section 812.025, Florida Statutes (1983), prohibits his conviction and sentence on the two offenses of theft and dealing in stolen property because the same firearms were the subject of both offenses. We hold that section 812.025 is inapplicable in situations where, as in the present case, the defendant pleads nolo contendere to both offenses pursuant to a plea bargaining arrangement. By its own terms, the statute is limited to cases involving a jury verdict as to one or both of the offenses. Because there is no double jeopardy prohibition against defendant being convicted and sentenced for both offenses, Lennear v. State, 424 So.2d 151 (Fla. 5th DCA 1982), we affirm on issue 3.
The final issue raised by defendant is that the court erred in imposing two consecutive three-year minimum mandatory sentences. Our review of the plea hearing transcript in this case reflects that the state and defendant agreed that the facts of the present case would support only one three-year minimum mandatory sentence. Additionally, the trial judge, during his explanation of the consequences of a nolo plea, told defendant that "by entering this plea, you would be subject to a three-year minimum mandatory sentence" (emphasis supplied). Because the parties agreed that only one three-year minimum mandatory sentence would be imposed, and because this was also communicated to defendant by the trial judge, we vacate the sentence and remand to the trial court with directions to modify the three-year minimum mandatory sentences in accordance with this opinion.
ERVIN, C.J., and MILLS, J., concur.