JOANOS, Judge.
House appeals the denial of his motion for post conviction relief filed pursuant to 3.800(a) and 3.850, Florida Rules of Criminal Procedure, in which he requested credit for jail time. We reverse.
On September 29, 1983, appellant was convicted of burglary of a structure with presumption of intent, a third degree felony according to sections 810.02 and 810.07, Florida Statutes. He was committed to the Department of Corrections for three years. He was awarded a total of 283 days credit for the time he had been incarcerated prior to imposition of his sentence. After serving one year incarceration in the Department of Corrections commencing in June 1, 1984, the court suspended the imposition of sentence and placed him on probation for a term of two years. A revocation hearing was held on June 27, 1986, in which appellant was adjudicated guilty of a probation violation and sentenced to serve three years in the Department of Corrections.
In appellant’s motion to allow credit for jail time, he alleges that he is entitled to a total of 342 days credit for the county jail time and/or the full amount of days incarcerated in a foreign jail pending extradition. Appellant lists the dates of his pre-sentence jail time in the Okaloosa County Jail: from February 20, 1983 to September 29, 1983, and from April 12, 1986 to July 81,1986. The trial court denied appellant’s motion to allow credit for jail time, stating that defendant was credited with 283 days time served prior to sentencing in accordance with the judgment and attached sentencing documents. We determined that the information on the attached documents does not conclusively show that appellant is entitled to no relief pursuant to 3.850 Florida Rules of Criminal Procedure. Therefore, in accordance with Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), this court asked the attorney general’s office to respond to appellant’s claims.
In its response to the order mentioned above, the state explained that in researching appellant’s jail time served an error was discovered. Appellant should have been given 317 days jail credit instead of 283. Attached to the state’s response are letters from the sheriff’s office wherein the sheriff asserts that appellant served a total of 317 days in jail pending trial and that the trial court and clerk have now been notified of that determination. As to the difference between the 342 days credit being sought and the 317 days credit now admittedly due by the state, the state asserts that the appellant is erroneously computing time from the date of the offense rather than from the time that incarceration in the county jail began.
The state suggests that this court hold its decision in abeyance pending the entry of a corrected sentence and order appellant to file a statement setting forth any additional reasons for an additional 25 days jail time credit. This we decline to do as these are matters properly performed by the trial court. The state’s response has been a tacit admission that appellant was entitled to some relief contrary to the order entered by the trial court.
We therefore, reverse the trial court’s order denying appellant’s motion for post conviction relief, as it did not conclusively show that appellant was entitled to no relief and remand to the trial court. The trial court is directed to redetermine the jail time credit properly due appellant.
WIGGINTON and ZEHMER, JJ., concur.