528 So.2d 544 (1988)
Henry A. HARDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1469.
District Court of Appeal of Florida, First District.
July 21, 1988.
*545 Henry A. Harden, pro se.
No appearance for appellee.
JOANOS, Judge.
Appellant Henry A. Harden appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rules of Criminal Procedure 3.850. We reverse and remand with directions.
Since our examination of the allegations of the motion revealed that it demonstrated a facially sufficient claim for relief, we requested the Attorney General's office to file a brief in response to the motion. In lieu of a brief, the state filed a motion asking this court to relinquish jurisdiction to the trial court for a thirty-day period for preparation of the appropriate documentation to support the trial court's order, and for preparation of an amended order denying appellant's motion.
In making this request, the state recognized that since the trial court's denial of appellant's motion was not predicated on the legal insufficiency of the allegations, it was incumbent upon the trial court to attach those portions of the files and records which conclusively demonstrate that appellant is entitled to no relief. We decline the state's request, finding the proper procedure in such cases is to reverse and remand with directions to comply with the requirements of Florida Rule of Criminal Procedure 3.850. See Green v. State, 525 So.2d 1037 (Fla. 1st DCA 1988); Russell v. State, 521 So.2d 379 (Fla. 1st DCA 1988); Knight v. State, 517 So.2d 87 (Fla. 1st DCA 1987); House v. State, 511 So.2d 724 (Fla. 1st DCA 1987); Hall v. State, 511 So.2d 676 (Fla. 1st DCA 1987).
Accordingly, we reverse and remand this matter to the trial court. Upon remand, the trial court is directed to support the order by attaching appropriate documentation conclusively demonstrating that appellant is entitled to no relief or to provide the required hearing in accordance with the rule.
SMITH, C.J., and ZEHMER, J., concur.