JORGENSON, Judge.
P.B. appeals from an order adjudicating him delinquent and committing him to the custody of HRS. We reverse.
P.B. and R.S. were charged with petit theft of a knife, cap, and wrench. Both denied the charges. Before the adjudicatory hearing, the state announced that it had reached a plea agreement with R.S. under which the mother of R.S. agreed to pay the victim $125 in restitution in exchange for a nolle pros of the charges against her son. Restitution was made, and the state entered a nolle pros.
The state offered the same plea to P.B. However, neither P.B. nor his family could afford to pay the victim $125. The family could not afford to pay one-half that amount, which the victim agreed would be adequate. Neither the state nor the victim would agree to allow P.B. to perform com- *884 mumty service in lieu of restitution and insisted that P.B. be tried. Following an adjudicatory hearing, the court found P.B. guilty of petit theft, adjudicated him delinquent, and committed him to the custody of H.R.S.
From the record it is unmistakably clear that P.B. would not even have been tried if he had been able to pay $62.50 in restitution. His adjudication of delinquency and commitment to HRS inevitably followed from his indigency. A juvenile cannot be committed simply because he is indigent. V.H. v. State, 498 So.2d 1011 (Fla. 2d DCA 1986). In V.H., an indigent juvenile was unable to pay $48 in restitution and was committed. The trial judge had indicated a willingness to place Y.H. on community control if she paid restitution. The appellate court reversed the order of commitment, relying upon Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971). In Tate, the Court condemned, as a violation of equal protection, the practice of imprisoning an indigent defendant merely because he was financially unable to pay a fine. Id. at 399, 91 S.Ct. at 671, 28 L.Ed.2d at 133.
Here, P.B. was tried, adjudicated delinquent, and committed to the custody of H.R.S. in derogation of Tate’s mandate. The trial court’s error is particularly egregious in light of the state’s agreement to nolle pros P.B.’s corespondent’s charges in exchange for $125 restitution to the victim. Although the state enjoys wide discretion in fashioning plea agreements, that discretion cannot be exercised to deny an indigent juvenile equal protection under the Florida and United States constitutions. The United States Supreme Court has made it abundantly clear that “[tjhere can be no equal justice where the kind of trial a man gets depends on the amount of money he has.” Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) (quoting Griffin v. Illinois, 351 U.S. 12,19, 76 S.Ct. 585, 591,100 L.Ed. 891, 899 (1956)).
REVERSED AND REMANDED.