SHIVERS, Chief Judge.
Appellant/defendant appeals the trial court’s summary denial of his motion for post-conviction relief, pursuant to Rule 3.850, Fla.R.Crim.P. We affirm in part, reverse in part, and remand for further proceedings.
The record on appeal indicates that appellant was charged in 1985 with battery on a law enforcement officer, and sentenced in 1987 to a term of probation. While serving probation, he was charged with fraudulent use of credit cards, dealing in stolen property, and grand theft. He entered a plea of either guilty or nolo con-tendere to all three counts in May of 1988, and was sentenced to 15 years incarceration. In February 1989, appellant filed the instant motion for post-conviction relief, raising seven grounds.
First, appellant alleges that his convictions for both dealing in stolen property and grand theft violate the mandates of section 812.025, Florida Statutes. According to that section, theft and dealing in *1182 stolen property may be charged in separate accounts and consolidated for trial, but the trier of fact may return a guilty verdict on only one or the other, but not both, counts. This court has held, however, that section 812.025 is applicable only to cases involving jury verdicts, and is inapplicable to situations where a defendant pleads nolo conten-dere to both offenses pursuant to a plea bargaining agreement. Brown v. State, 464 So.2d 193 (Fla. 1st DCA 1985). Consequently, both appellant’s first ground and his third ground, alleging ineffective assistance of counsel for failure to investigate the use of section 812.025 as a defense, are without merit.
As a second ground, appellant alleges that each element required to prove fraudulent use of credit cards was also required to prove grand theft and dealing in stolen property. In denying relief on this ground, the trial court stated that it relied upon the court file, sentencing hearing transcript, and informations, yet failed to attach copies of those documents to its order. We therefore reverse and remand with directions to the trial court to either attach those portions of the files and records conclusively showing that the appellant is entitled to no relief on this ground or, in the alternative, to order the State to file an answer to appellant’s motion and thereafter determine whether an evidentiary hearing is required. Rule 3.850.
As his fourth through seventh grounds, appellant alleges ineffective assistance of counsel based on trial counsel’s failure to object to his conviction and sentence for fraudulent use of credit cards, failure to object to appellant’s being sentenced outside the guidelines in the absence of written reasons for departure, failure to adequately investigate and prepare a defense, and failure to assert appellant’s right to a speedy trial in connection with the charge of battery on a law enforcement officer. The trial court denied relief as to all of these allegations, alleging that it was relying upon a statement made by appellant at the May 1988 sentencing hearing that he had had ample time to speak with his attorney and that he was satisfied with his advice.
We find the fifth ground (failure to object to a departure sentence) to be without merit, as appellant’s sentence was the result of a plea agreement. We find the court’s denial of relief on the remaining grounds, however, to require reversal. As was stated above, the trial court failed to attach those portions of the sentencing hearing transcript upon which its denial of relief was based. We therefore reverse and remand on grounds four, six, and seven for the trial court to either attach portions of the files and records conclusively showing that appellant is entitled to no relief or, in the alternative, to order the State to file an answer to appellant’s motion and thereafter determine whether an evidentiary hearing is required.
As to ground four (failure to object to conviction and sentence for fraudulent use of credit cards), we note that appellant’s statement that he was satisfied with his attorney’s advice would not preclude him from being entitled to relief, since appellant would not necessarily have known at that time that his plea to all three charges might violate double jeopardy. Likewise, such a statement would not bar relief as to ground six (failure to assert right to speedy trial) since that ground arose in connection with appellant’s 1985 charge of battery on a law enforcement officer, and not from the charges for which he was sentenced in May 1988.
In sum, we affirm the denial of relief as to grounds one, three, and five, but reverse and remand for further proceedings as to grounds two, four, six, and seven.
WENTWORTH and WIGGINTON, JJ., concur.