JOANOS, Chief Judge.
Appellant Jesse R. German appeals the denial of his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant claims entitlement to relief on grounds of (1) ineffective assistance of trial counsel, (2) violation of appellant’s double jeopardy rights, and (3) violation of appellant’s privilege against self-incrimination. The order denying relief reflects that the trial court found the state’s response constituted a correct statement of the facts of the case, which response was adopted by the court as its factual finding. We reverse.
In support of his ineffective assistance of counsel claims, appellant alleged, among other things, that appellant’s trial counsel advised that the manner in which appellant was interrogated at the Taylor County Jail provided a basis for suppressing the statements, but counsel failed to file a motion to suppress. Appellant also alleged that his counsel failed to depose the witnesses and victims, failed to file a motion to strike a charge filed under an unlawful statute, and counsel permitted appellant to be convicted in violation of his double jeopardy rights, in that appellant’s counsel “colluded” with the state to manipulate appellant into pleading guilty to two charges for one underlying act. Finally, appellant alleged that his trial counsel was guilty of a conflict of interest, in that counsel had just stopped working as an assistant state attorney.
Where the trial court’s denial of a motion for post-conviction relief is not predicated on the legal insufficiency of the allegations, it is incumbent upon the court to attach those portions of the files and records which conclusively demonstrate the prisoner is entitled to no relief. Fla. R.Crim.P. 3.850; Harden v. State, 528 So.2d 544, 545 (Fla. 1st DCA 1988). See also Robinson v. State, 549 So.2d 1181, 1182 (Fla. 1st DCA 1989); Lora v. State, 565 So.2d 416 (Fla. 4th DCA 1990).
Some of the allegations raised by appellant in this case indicate a possible entitlement to relief, if the allegations can be established. Indeed, the trial court recognized the legal sufficiency of some of the allegations when it directed the state to respond. Although the order expressly approves and adopts the state’s response as an accurate account of the proceedings, that response was not included in the record furnished to this court. In these circumstances, summary denial of appellant’s motion was improper, without attachment of the portions of the files or records *510 conclusively demonstrating that appellant is entitled to no relief.
Accordingly, the order denying relief is reversed, and the cause is remanded for reconsideration and attachment of the state’s response and any other portions of the files or records which demonstrate that appellant is entitled to no relief, or for an evidentiary hearing.
ERVIN and ALLEN, JJ., concur.