767 So.2d 560 (2000)
James Lee HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3987.
District Court of Appeal of Florida, Fourth District.
August 30, 2000.
Rehearing Denied October 6, 2000.
*561 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
James Lee Hall contends that the trial court erred when it adjudicated him guilty of both grand theft and dealing in the same stolen property. He also contends that the Criminal Punishment Code violates due process. We affirm.
The State charged appellant with burglary of a conveyance (case number 99-611) and with giving false information to a pawnbroker, burglary of a dwelling, third degree grand theft, dealing in stolen property, possession of cocaine, and use or possession of drug paraphernalia (case number 99-762). He entered a plea of no contest to all of the charges via an open plea to the court. There were no terms or conditions to the plea. As a factual basis for the plea, appellant's attorney noted, in pertinent part, that,
On Count II, the same day, [] burglary of a dwelling,[] Mr. Hall entered the dwelling of Joe and Cindy McNeil with the intent to commit an offense therein.
With regard to Count III on that same day the offense within the [] dwelling was the ... theft of jewelry that had a value in excess of three hundred dollars, but less then five [] thousand dollars.
In Count IV on that same day, Mr. Hall trafficked in stolen property and placed that jewelry into the stream of commerce that I mentioned earlier belonging to the McNeils.
The court adjudicated appellant guilty as charged. Pursuant to the Criminal Punishment Code Scoresheet, in case number 99-611, appellant received a five year prison sentence. In case number 99-762, he received a five year prison sentence in Counts I, III, and V, a five year prison sentence to be followed by three years probation in Counts II and IV, and a one year sentence in Count VI (all to run concurrent with the sentence in case number 99-611).
First, appellant argues that the trial court erred when it adjudicated him guilty of both grand theft and dealing in the same stolen property. Section 812.025, Florida Statutes, provides as follows:
Charging theft and dealing in stolen property.Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a *562 guilty verdict on one or the other, but not both, or the counts.

§ 812.025, Fla. Stat. (1997)(emphasis added). The State argues that a jury verdict is necessary for this statute to apply and that it does not apply to cases where a defendant pleads nolo contendere.
In Victory v. State, 422 So.2d 67 (Fla. 2d DCA 1982), a defendant was charged with dealing in stolen property and grand theft. He pled nolo contendere and reserved his right to appeal. The second district stated,
Section 812.025, Florida Statutes (1981), forbids convictions for both theft and dealing in stolen property in connection with one scheme or course of conduct. The defendant having been convicted of grand theft in Pasco County, he may not also be convicted in Manatee County for the offense of dealing in the property stolen. We reverse as to that conviction.
Id. at 68 (citation omitted).
In Brown v. State, 464 So.2d 193 (Fla. 1st DCA 1985), approved on other grounds by, 487 So.2d 1073 (Fla.), cert. denied, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 352 (1986), the defendant pled nolo contendere, but appealed his conviction and sentence for grand theft and dealing in stolen property.[1] The first district stated,
Defendant's third point on appeal is that section 812.025, Florida Statutes (1983), prohibits his conviction and sentence on the two offenses of theft and dealing in stolen property because the same firearms were the subject of both offenses. We hold that section 812.025 is inapplicable in situations where, as in the present case, the defendant pleads nolo contendere to both offenses pursuant to a plea bargaining arrangement. By its own terms, the statute is limited to cases involving a jury verdict as to one or both of the offenses. Because there is no double jeopardy prohibition against defendant being convicted and sentenced for both offenses, Lennear v. State, 424 So.2d 151 (Fla. 5th DCA 1982), we affirm on [this issue].
464 So.2d at 195 (emphasis added); see also Robinson v. State, 549 So.2d 1181 (Fla. 1st DCA 1989).
This court has not addressed the interpretation of section 812.025, Florida Statutes, as it relates to a plea of nolo contendere. We agree with the reasoning expressed by the First District Court of Appeal in Brown and affirm this issue. We certify that our decision is in conflict with Victory v. State, 422 So.2d 67 (Fla. 2d DCA 1982).
Next, appellant contends that the Criminal Punishment Code is unconstitutional. Appellant argues that the Code violates due process because the State has the right to appeal a downward departure without providing a corresponding right to the defendant. The State responds and correctly points out that a defendant can appeal a sentence under the Code on the grounds that it is illegal, and he may also file a motion to correct, reduce, or modify the sentence pursuant to rules 3.800 and 3.850, Florida Rules of Criminal Procedure.
Appellant also contends that the Code is unconstitutional because it fails to promote uniformity in sentencing as sought by the sentencing guidelines, it invites discriminatory and arbitrary application by the trial judge, it does not discriminate between career and first-time felons, and the sentencing scheme is arbitrary, capricious, irrational, and discriminatory. "[O]ne asserting the unconstitutionality of an act has the burden of demonstrating clearly that the act is invalid." Lasky v. State Farm Ins. Co., 296 So.2d 9, 15 (Fla. 1974). Because sentencing guidelines are not constitutional rights, they are not subject *563 to Due Process violation attacks. See United States v. Brierton, 165 F.3d 1133, 1139 (7th Cir.1999)(stating that because "there is no constitutional right to sentencing pursuant to the Guidelines, the discretionary limitations the Guidelines place on the sentencing judge do not violate a defendant's right to due process by reason of vagueness"); United States v. Wivell, 893 F.2d 156 (8th Cir.1990)(stating that "[b]ecause there is no constitutional right to sentencing guidelinesor, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelinesthe limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague."); see also Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1993); Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). We hold that appellant has failed to demonstrate that the Code is unconstitutional.
AFFIRMED.
DELL, GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] The defendant in Brown v. State, 464 So.2d 193 (Fla. 1st DCA 1985), approved on other grounds by, 487 So.2d 1073 (Fla.), cert. denied, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 352 (1986), was also convicted and sentenced on charges of aggravated battery, aggravated assault, carrying a concealed weapon, and unarmed burglary of a structure, which are not at issue here.