775 So.2d 376 (2000)
David M. PETERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2850.
District Court of Appeal of Florida, Fourth District.
November 22, 2000.
Opinion Denying Rehearing and Certification January 24, 2001.
*377 Richard L. Jorandby, Public Defender, and Maxine Williams, Assistant Public Defender, West Palm Beach (Carey Haughwout, Public Defender and Maxine Williams, Asst.Public Defender, West Palm Beach, on Rehearing), for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted on a number of charges arising out of a high speed chase by a highway patrolman, an ensuing accident, and his behavior following the accident, which included assaulting police officers, resisting arrest with violence, and leaving the scene of an accident with injuries. He challenges both his convictions as well as the constitutionality of his sentences under the Criminal Punishment Code. We affirm in part and reverse in part.
We first address appellant's convictions for leaving the scene of an accident with injuries and leaving the scene of an accident with property damage. Those convictions were based on one accident in which three people were injured and the car which they occupied was damaged. Section 316.061(1), Florida Statutes (1997), one of the statutes under which appellant was convicted, prohibits leaving the scene of a "crash resulting only in damage to a vehicle or other property." Section 316.027(1)(a), Florida Statutes (1997) prohibits leaving the scene of a "crash resulting in injury of any person."
Appellant argues that the jury's finding of guilt for leaving the scene of an accident involving injuries is inconsistent with a finding of guilt that appellant left an accident resulting in "only in damage to a vehicle." In State v. Powell, 674 So.2d 731, 732-33 (Fla.1996), the Florida Supreme Court explained the principles of law applicable to inconsistent jury verdicts, stating:
As a general rule, inconsistent jury verdicts are permitted in Florida. Eaton v. State, 438 So.2d 822 (Fla.1983); Goodwin v. State, 157 Fla. 751, 26 So.2d 898 (1946); Gonzalez v. State, 440 So.2d 514 (Fla. 4th DCA 1983). Inconsistent verdicts are allowed because jury verdicts can be the result of lenity and therefore do not always speak to the guilt or innocence of the defendant....
This Court has recognized only one exception to the general rule allowing inconsistent verdicts. This exception, referred to as the "true" inconsistent verdict exception, comes into play when verdicts against one defendant on legally interlocking charges are truly inconsistent. As Justice Anstead explained when writing for the Fourth District Court of Appeal in Gonzalez, true inconsistent verdicts are "those in which an acquittal on one count negates a necessary element for conviction on another count." 440 So.2d at 515.
Appellant argues, and we agree, that this is a true inconsistent verdict, not one which could have resulted from lenity. The jury's finding of guilt for leaving the *378 scene of an accident with injuries negated a necessary element of the other crime, leaving the scene of a "crash resulting only in damage to a vehicle." We therefore agree with appellant that his conviction for leaving the scene of an accident resulting only in property damage must be reversed.
Appellant has also raised issues involving the constitutionality of the Criminal Punishment Code, specifically section 921.002(1)(h), which provides:
A sentence may be appealed on the basis that it departs from the Criminal Punishment Code only if the sentence is below the lowest permissible sentence or as enumerated in s. 924.06(1).
Appellant argues that the statute violates due process because it "dispenses with sentencing uniformity, and, therefore, violates an accused's right to equal protection and due process of law." In Hall v. State, 767 So.2d 560 (Fla. 4th DCA 2000), we held that the above provision did not violate due process. We adhere to Hall and therefore reject the due process argument, but address other constitutional issues which were not addressed in Hall.
Appellant also argues that section 921.002(1)(h) is a denial of equal protection because it allows only a sentence which is below the lowest permissible sentence to be appealed "on the basis that it departs from the Criminal Punishment Code." This violates equal protection, according to appellant, because it grants the state a right which is not accorded the defendant.
Article XIV, section 1 of the United States Constitution, prohibits the states from denying "any person" equal protection. Similarly, Article I, section 2 of the Florida Constitution provides that "all natural persons, female and male alike, are equal before the law." Equal protection does not require that the defendant and the state be treated equally in criminal cases.
In addition, appellant contends that section 921.002(1)(h) is unconstitutional because it violates the right to appeal contained in Article V, section 4(b) in the Florida Constitution. The state responds "there is no federal or state constitutional right to an appeal." Although a defendant has no federal constitutional right to state court appellate review of a criminal conviction, Estelle v. Dorrough, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975), Article V, section 4(b) of the Florida Constitution does grant criminal defendants such a right. Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103 (Fla.1996).[1]
In State v. Jefferson, 758 So.2d 661, 663 (Fla.2000), the issue was whether section 924.051 (Supp.1996), part of the Criminal Appeal Reform Act of 1996, unconstitutionally limited the right of a criminal defendant to take an appeal. Section 924.051 provided in part:
(3) An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error.
Observing that statutes should be construed so as to avoid unconstitutional results, the Jefferson court held that this statute did not prohibit the taking of an appeal, because that would be an unconstitutional restriction of the subject matter jurisdiction of the appellate courts. As the court did with section 924.051 in Jefferson, we construe section 921.002(1)(h) as not prohibiting appeals from sentences. *379 There is accordingly no violation of Article V, section 4(b).
Appellant also asserts that the Code invites discriminatory and arbitrary sentencing, because it gives judges unfettered discretion to impose the statutory maximum sentence for each offense. He suggests that this is inconsistent with the historical purpose of sentencing guidelines, which was to eliminate unwarranted variation in sentencing.
This argument is misplaced because "there is no constitutional right to sentencing guidelinesor, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines...." United States v. Wivell, 893 F.2d 156, 160 (8th Cir.1990); see also Lockett v. Ohio, 438 U.S. 586, 603-04, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978)(stating that "legislatures remain free to decide how much discretion in sentencing should be reposed in the judge or jury in noncapital cases ..."). Thus, the legislature had the authority to change the nature of the sentencing structure, and, in doing so, to reduce the statutorily created rights which accrued to defendants under earlier versions of the sentencing guidelines.
Section 921.002(1)(h) does not prohibit all appeals by a defendant, but rather grants the state the right to appeal a departure sentence, defining a departure sentence as one that is less than the calculated lowest permissible sentence. Under earlier versions of the sentencing guidelines, the propriety of an upward departure could be raised. Section 921.002(1)(h) is directed at that appellate issue, and no more. A defendant can still raise constitutional issues such as judicial vindictiveness. See Gardner v. State, 699 So.2d 798, 800 (Fla. 4th DCA 1997)(reviewing record under earlier version of section 921.001(5) to determine whether sentence which fell within the sentencing guidelines was vindictive).
The only error raised by appellant regarding the length of his sentences is that the fifteen year sentence imposed for aggravated assault, the statutory maximum, when the lowest permissible sentence would have been about ten years, constitutes cruel and unusual punishment. He cites no authority to support this proposition, and we accordingly reject it.
We have considered the other issues raised by appellant and find them to be without merit. We therefore reverse the conviction for leaving the scene of an accident resulting only in damage to a vehicle, and affirm in all other respects.
SHAHOOD and GROSS, JJ., concur.

On Motion to Certify Question of Great Public Importance
PER CURIAM.
Appellant, in his motion for rehearing, requests that we certify the following question as one of great public importance:
DOES FLORIDA'S CRIMINAL PUNISHMENT CODE VIOLATE A DEFENDANT'S RIGHTS TO EQUAL PROTECTION, DUE PROCESS OF LAW, AND PROTECTION AGAINST DOUBLE JEOPARDY?
In his motion, appellant suggests that we may have overlooked a law review article, cited as supplemental authority, which concluded that the Criminal Punishment Code is unconstitutional.[1] We did not overlook the article. The article, however, as well as the other arguments raised by appellant, failed to persuade us that a close question is presented as to constitutionality.
When Article V of the Florida Constitution was amended in 1980, one of the purposes was to limit the jurisdiction of the Florida Supreme Court, because of its "burgeoning caseload and the attendant need to make more efficient use of limited appellate resources." Committee Notes, *380 Fla.R.App.P. 9.030. The committee notes go on to explain: "The district courts of appeal will constitute the courts of last resort for the vast majority of litigants under amended Article V." Although it was perfectly proper for appellant to request certification in this case, it is incumbent on us, under Article V, to be selective.[2]
Our refusal to certify in this case does not preclude review by the Florida Supreme Court. Where a district court of appeal holds a statute valid, as we have in this case, the supreme court has the same discretionary jurisdiction to review our decision as it would have had if we had certified a question. Art. V, § 3(b), Fla. Const.; Fla.R.App.P. 9.030(a)(2)(A)(i). If we had held the statute invalid, the State would have been entitled to review in the Florida Supreme Court as a matter of right. Fla.R.App.P. 9.030(a)(1)(A)(ii).[3]
The motion for rehearing and certification is denied.
KLEIN, SHAHOOD and GROSS, JJ., concur.
NOTES
[1] In Amendments, the Florida Supreme Court receded from State v. Creighton, 469 So.2d 735 (Fla.1985), in which it had concluded that there was no right to appeal in the Florida Constitution. One of the cases relied on by the state involving appealability of sentencing issues, Smith v. State, 537 So.2d 982 (Fla. 1989), was decided after Creighton, but before Amendments, and was therefore decided when it was the law that the Florida Constitution did not provide a right to appeal. Booker v. State, 514 So.2d 1079 (Fla.1987), relied on in Smith, was also decided during that time period.
[1] Robert Batey, Stephen M. Everhart, The New Appeal Provision of Florida's Criminal Punishment Code: Unwise and Unconstitutional, University of Florida, Journal of Law and Public Policy, Vol. II, p. 18 (Fall 1999).
[2] In addition, the Florida Supreme Court has, at conferences, suggested that we should be selective. See also Zellars v. State, 725 So.2d 1105 (Fla.1999)(declining to review certified question); Park of Commerce Assocs. v. City of Delray Beach, 636 So.2d 12 (Fla.1994)(declining to review second of two certified questions).
[3] We mention invalidity because it seems that in every case in which we hold a statute invalid the losing party asks us to certify a question. Because supreme court review is mandatory when we hold a statute invalid, and merely discretionary when we certify, granting certification under those circumstances could obscure the fact that review is mandatory.