TAYLOR, J.
After entering a plea of no contest to trafficking in cocaine, appellant was sentenced under the Criminal Punishment Code to sixty-five months in prison followed by five years of probation. She later filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In her motion, appellant challenged the constitutionality of the Criminal Punishment Code on the grounds that it violates due process by allowing the state to appeal a downward departure sentence without affording the defendant a similar right. She also contended that the Code is unconstitutional because it fails to promote uniformity in sentencing.
The circuit court summarily denied the motion, concluding that “Rule 3.800(b) is not the appropriate procedural vehicle by which to raise constitutional challenges to the Criminal Punishment Code.” The court reasoned that the constitutional claims presented in the motion went beyond the purpose and scope of the rule in that they did not constitute a “sentencing error” within the meaning of the rule.
We affirm appellant’s sentence imposed under the Criminal Punishment Code. See Hall v. State, 767 So.2d 560 (Fla. 4th DCA 2000), review granted, No. SC00-2358, 790 So.2d 1104 (Fla. Apr.25, 2001)(holding that sentencing guidelines are not subject to a due process challenge because they are not constitutional rights and recognizing that a defendant can appeal an illegal sentence under the Code); see also Peterson v. State, 775 So.2d 376 (Fla. 4th DCA 2000); Hayes v. State, 780 So.2d 918 (Fla. 1st DCA 2001); Hall v. State, 773 So.2d 99 (Fla. 1st DCA 2000).
We write only to clarify that a defendant is permitted to raise a constitutional challenge to a sentence in a Rule 3.800(b) motion. The rule states that “a motion to correct any sentencing error, including an illegal sentence, may be filed as allowed by this subdivision.” (Emphasis added). Further, the Florida Supreme Court has stated that a defendant is required to raise all unpreserved sentencing errors by filing a motion to correct sentence pursuant to Rule 3.800(b)(2). See Maddox v. State, 760 So.2d 89 (Fla.2000). This includes constitutional errors. See Salters v. State, 758 So.2d 667, 668 n. 4 (Fla.2000)(“[F]or those defendants who have available the procedural mechanism of our recently amended rule 3.800(b), we would require that such defendants in the future raise a single subject rule challenge in the trial court prior to filling the first appellate brief”).
AFFIRMED.
FARMER and KLEIN, JJ., concur.