PER CURIAM.
We affirm the trial court’s denial of appellant’s motion to correct the five year sentence entered upon appellant’s no contest plea to grand theft. In so doing, we reject appellant’s numerous constitutional challenges to the Criminal Punishment Code. See Peterson v. State, 775 So.2d 376 (Fla. 4th DCA 2000); Hall v. State, 767 So.2d 560 (Fla. 4th DCA 2000), review granted, No. SC00-2358, 790 So.2d 1104 (Fla. Apr.25, 2001).
We further reject appellant’s claim that the trial court abused its discretion in sentencing her to the statutory maximum because of its belief that appellant was being deceptive during her elocution at sentencing. But cf. Eltaher v. State, 777 So.2d 1203 (Fla. 4th DCA 2001)(improper for trial court to consider at sentencing defendant’s alleged perjury committed during trial); Bratcher v. State, 743 So.2d 112 (Fla. 5th DCA 1999)(“Florida law holds that a defendant’s perjury committed while under oath during trial is not a proper sentencing factor.”); Robinson v. State, 637 So.2d 998 (Fla. 1st DCA 1994)(“A trial judge’s opinion as to whether a defendant testified falsely should not enter into a decision to impose a harsher sentence unless the court is determining the sentence after a separate perjury conviction.”).
Because appellant pled to the crime charged in this case, the court’s comments cannot be construed as improperly considering appellant’s alleged perjury committed during a trial.
AFFIRMED.
DELL, WARNER and TAYLOR, JJ., concur.