WARNER, J.
Appellant challenges her sentence for the second degree murder of her four-year-old son, claiming that the court violated her due process rights in denying her motion to downward depart from the criminal punishment code minimum sentence. Her specific claim is not that the trial court did not give her the opportunity to be heard on the issue of downward departure, which it did, but that the court did not explain its reasoning in denying the motion. Due process includes the right to be heard. N.C. v. Anderson, 882 So.2d 990, 998 (Fla.2004). We know of no principle or case, nor has one been cited to us, which holds that due process includes the right of an express explanation on why a motion to downward depart was denied. We decline to recognize such a right.
As to appellant’s second issue, the issue of the constitutionality of the criminal punishment code has already been decided. See Peterson v. State, 775 So.2d 376, 378-79 (Fla. 4th DCA 2000).

Affirmed.

GROSS and MAY, JJ., concur.