973 So.2d 1220 (2008)
Nancy MALONE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1113.
District Court of Appeal of Florida, Fourth District.
January 23, 2008.
Rehearing Denied March 4, 2008.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant entered an open plea of no contest to one count of grand theft of property valued at more than $100,000 and one count of fraudulently obtaining property valued more than $50,000. Although her prison sentence was authorized by the criminal punishment code, she argues on this direct appeal from her sentence that she is unconstitutionally being imprisoned because of her inability to pay restitution. We affirm.
Appellant's argument is based on the fact that another employee, who had committed unrelated thefts from the employer, had been given probation because of his ability to pay restitution. Before appellant entered her plea, the co-employee had repaid in full the amount he had taken, $51,800, and had received ten years probation after entering a plea with the full support of the victim of the theft, a nonprofit cemetery board of directors. Appellant was charged with taking in excess of $150,000. Because of the difference in amount, appellant was charged with first-degree grand theft, while the other employee was charged with second-degree grand theft.
*1221 At her plea hearing, appellant informed the court that the state had withdrawn a plea offer, which was contingent on appellant paying restitution, but appellant had no money to pay restitution. The court responded that the facts reflected that appellant, after she had been arrested, had actually pawned some of the items she had bought with the stolen money and then spent that money.
As a factual basis for her plea the court was informed that appellant had worked as a bookkeeper for the cemetery for about nine years and that she had engaged in an ongoing systematic course of conduct with intent to defraud the cemetery by making unauthorized personal purchases with the corporation credit card totaling about $125,000, none of which had been recovered.
Appellant argues that her rights to due process, equal protection and the prohibition against imprisonment for debt were violated by her sentence. She did not seek to withdraw her plea.
The state argues that appellant's sentence cannot be appealed under section 921.002(1)(h), Florida Statutes, which provides:
A sentence may be appealed on the basis that it departs from the Criminal Punishment Code only if the sentence is below the lowest permissible sentence or as enumerated in s. 924.06(1).
Peterson v. State, 775 So.2d 376 (Fla. 4th DCA 2000) (noting that section 921.001(1)(h) of the Criminal Punishment Code constitutionally limits a defendant's right to appeal a sentence).
Appellant relies primarily on P.B. v. State, 533 So.2d 883 (Fla. 3d DCA 1988), in which the defendant and a co-defendant were charged with one theft, and the state agreed to nolle pros the co-defendant when his mother agreed to pay $125 restitution. The same plea offer was made to the defendant, but he could not come up with the money, and was committed. The appellate court reversed committing the juvenile because of his inability to pay restitution explaining:
Although the State enjoys wide discretion in fashioning plea agreements, that discretion cannot be exercised to deny an indigent juvenile equal protection under the Florida and United States Constitutions. The United States Supreme Court has made it abundantly clear that "[t]here can be no equal justice where the kind of trial a man gets depends upon the amount of money he has." Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) (quoting Griffin v. Illinois, 351 U.S. 12, 19, 76 S.Ct. 585, 591, 100 L.Ed. 891, 899 (1956)).
The state distinguishes P.B. in several ways. First, appellant and her co-employee were not co-defendants; their thefts were done individually. Second, appellant was charged with theft of a higher amount and with a higher degree of felony. Third, unlike P.B. this case did not involve dropping the charges, but rather different sentences based on pleas. We agree with the state that, assuming P.B. is correct, it is distinguishable. Appellant has failed to cite anything which would persuade us that there has been a constitutional violation which would make her sentence appealable. Affirmed.
FARMER and HAZOURI, JJ., concur.