NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


HARVEY L. LINEN, DOC #493480,           )
                                        )
          Appellant,                    )
                                        )
v.                                      )
                                        )   Case No.  2D16-3691
STATE OF FLORIDA,                       )
                                        )
          Appellee.                     )
_____ )

Opinion filed March 29, 2019.

Appeal from the Circuit Court for
Hillsborough County; William Fuente,
Judge.

Howard L. Dimmig, II, Public Defender,
and Keith W. Upson, Special Assistant
Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Linsey Sims-
Bohnenstiehl, Assistant Attorney
General, Tampa, for Appellee.


SLEET, Judge.

          Harvey L. Linen challenges his convictions and sentences for felony

leaving the scene of a crash with injury and misdemeanor leaving the scene of a crash

with property damage in circuit court case number 15-CF-011658 and the resulting

revocation of his probation in circuit court case number 10-CF-004623.  Because

Linen's two convictions are based on true inconsistent verdicts, we must reverse Linen's conviction and sentence for leaving the scene of a crash with property damage. However, we affirm Linen's conviction for leaving the scene of a crash with injury and the resulting revocation of probation without further comment.

Both of the charged offenses arose from an automobile accident in which Linen twice rear-ended a vehicle driven by his wife. The second impact caused the victim to lose control of her car, veer off the roadway, and strike a utility pole. Thereafter, Linen lost control of his truck, and it landed on its side near the victim's car. Linen left the scene of the crash on foot. As a result of the crash, the victim suffered bodily injury and her car sustained property damage. At trial, the jury found Linen guilty of both leaving the scene of a crash with injury and leaving the scene of a crash with property damage.

> As a general rule, inconsistent jury verdicts are permitted in Florida. Inconsistent verdicts are allowed because jury verdicts can be the result of lenity and therefore do not always speak to the guilt or innocence of the defendant. . . .
>
> This Court has recognized only one exception to the general rule allowing inconsistent verdicts. This exception, referred to as the "true" inconsistent verdict exception, comes into play when verdicts against one defendant on legally interlocking charges are truly inconsistent. . . . [T]rue inconsistent verdicts are "those in which an acquittal on one count negates a necessary element for conviction on another count."

State v. Powell, 674 So. 2d 731, 732-33 (Fla. 1996) (citations omitted) (quoting Gonzalez v. State, 440 So. 2d 514, 515 (Fla. 4th DCA 1983)).

Here, the jury found Linen guilty of violating sections 316.027(2)(a) and 316.061(1), Florida Statutes (2015). Section 316.027(2)(a) provides as follows:

The driver of a vehicle involved in a crash occurring on public or private property which results in injury to a person other than serious bodily injury shall immediately stop the vehicle at the scene of the crash, or as close thereto as possible, and shall remain at the scene of the crash until he or she has fulfilled the requirements of s. 316.062. A person who willfully violates this paragraph commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

And section 316.061(1) provides:

The driver of any vehicle involved in a crash resulting <u>only</u> in damage to a vehicle or other property which is driven or attended by any person shall immediately stop such vehicle at the scene of such crash or as close thereto as possible, and shall forthwith return to, and in every event shall remain at, the scene of the crash until he or she has fulfilled the requirements of s. 316.062. A person who violates this subsection commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

(Emphasis added.)

The evidence presented at trial established that Linen willfully left the scene of a crash and that the victim suffered both physical injury to her person and property damage to her vehicle. As such, the evidence supports the jury's finding of guilt as to the leaving the scene with injury charge. But because the plain language of section 316.061(1) allows for a conviction under that section when the crash results <u>only</u> in property damage, a jury finding that the crash resulted in physical injury to the victim necessarily negates that required element of section 316.061(1); in other words, if the crash resulted in physical injury, it cannot have resulted <u>only</u> in property damage. <u>See</u> <u>Peterson v. State</u>, 775 So. 2d 376, 377-78 (Fla. 4th DCA 2000) ("The jury's finding of guilt for leaving the scene of an accident with injuries negated a necessary element of the other crime, leaving the scene of a 'crash resulting <u>only</u> in damage to a vehicle.' ").

Accordingly, the jury's guilty verdicts on both offenses are true inconsistent verdicts.

We therefore reverse Linen's conviction for the misdemeanor offense.[1]

See id. at 378. But we affirm the conviction for felony leaving the scene of a crash resulting in injury and the revocation of Linen's probation in case number 10-CF-004623.[2]

Affirmed in part; reversed in part.

VILLANTI and ATKINSON, JJ., Concur.

---

[1]Although Linen did not raise this argument in the trial court, because Linen was convicted of an offense where an essential element could not be proven, the error is fundamental. See Proctor v. State, 205 So. 3d 784, 789 (Fla. 2d DCA 2016).

[2]It is clear from the record before us that the inclusion of the misdemeanor on Linen's Criminal Punishment Code scoresheet did not affect the sentences imposed on the felony count and in case number 10-CF-004623.