DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IVAN LOUIS RODRIGUEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2988

[October 16, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 2015CF000952AXX.

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm appellant's convictions for attempted first-degree murder with a weapon; attempted arson of a structure where persons are normally present; and aggravated battery with great bodily harm, permanent disability or permanent disfigurement. He has raised seven issues, none of which are meritorious.

First, he claims that fundamental error occurred when he was not present at a bench conference. During the conference the judge notified the lawyers that a defense expert witness was the judge's friend and if there were any controversy with respect to the witness's testimony, the judge would have to recuse himself. Both sides assured the judge that there was no dispute as to the expert's testimony. Because no objection was placed on the record regarding appellant's absence from the bench conference, in order for the appellate court to review this issue appellant must show that it constitutes fundamental error.

The right to be present at all crucial stages of the trial "does not confer upon the defendant the right to be present at every conference at which a

matter pertinent to the case is discussed, or even at every conference with the trial judge at which a matter relative to the case is discussed." *Shellito v. State*, 121 So. 3d 445, 461 (Fla. 2013) (quoting *Orme v. State*, 896 So. 2d 725, 738 (Fla. 2005)). Moreover, even if appellant should have been at the bench conference, he cannot show prejudice, because no adverse rulings were made. *Ault v. State,* 53 So. 3d 175, 202 (Fla. 2010). No fundamental error occurred.[1]

In another issue, he claims that the court fundamentally erred in conducting a competency hearing without following the procedures of Florida Rules of Criminal Procedure 3.210 and 3.211, because an expert testified to appellant's competency without first furnishing a written report. We disagree, as the court did not conduct a true competency hearing within the meaning of rule 3.210, because there was never any reasonable doubt as to appellant's competency.

When the case was called for trial, defense counsel advised the court that he had an expert psychologist who had examined the appellant for purposes of a determination of an insanity defense and for sentence mitigation. The court then asked whether defendant was competent. Defense counsel stated that he always asks his expert to "make sure he's competent," but counsel did not express any doubt as to appellant's competency. In an abundance of caution, the judge asked to speak to the expert, who was then reached by telephone. After the judge swore the expert in, the expert stated that he found the defendant to be competent to stand trial.

At no time did the judge have any "reasonable ground to believe that the defendant is not mentally competent to proceed," which is the predicate for holding a competency hearing. Fla. R. Crim P. 3.210(b). The judge simply exercised a great deal of caution in calling the expert to inquire about appellant's competency, because another case assigned to the judge had been reversed for failure to conduct a competency inquiry. Even if the hearing was a rule 3.211 hearing, the defendant did not object to the lack of a written report, and we do not deem the failure to supply one as fundamental error where the court had the benefit of the expert's live testimony.

---

[1] Appellant suggests that because he was deprived of the right to be present at the bench conference he should have the opportunity to determine whether to move for disqualification of the judge based upon bias. First, there is nothing in this record as to whether his lawyer informed him of what the judge revealed. Second, we find it hard to believe that he would have moved to disqualify the judge because of friendship with appellant's own expert.

We reject the remaining issues as without merit and provide the following citations of support: 1) The court did not err in failing to provide reasons for denial of a downward departure. *See Venter v. State*, 901 So. 2d 898 (Fla. 4th DCA 2005) ("We know of no principle or case . . . which holds that due process includes the right of an express explanation on why a motion to downward depart was denied. We decline to recognize such a right."); 2) The court did not err in denying judgment of acquittal on attempted arson charge where State failed to prove that defendant intentionally sought to burn a structure. *See Knighten v. State*, 568 So. 2d 1001, 1002 (Fla. 2d DCA 1990) (arson is a general intent crime, and all that the State needs to show is that the defendant intentionally started the fire, not that he intended to damage the structure); 3) The aggravated battery charge was not fundamentally defective for failing to identify victim. *See Brown v. State*, 888 So. 2d 130, 131 (Fla. 4th DCA 2004) (no prejudice to defendant in defect in information with respect to name of victim where no objection was made, defendant was not prejudiced in his defense, and victim testified at trial); 4) Convictions for aggravated battery and attempted first-degree murder do not violate double jeopardy. *See Gordon v. State*, 780 So. 2d 17, 22 (Fla. 2001) (no double jeopardy violation for convictions of attempted first degree murder and aggravated battery with a deadly weapon as each has an element distinct from the other), receded from on other grounds in *Valdes v. State*, 3 So. 3d 1067, 1069 (Fla. 2009); 5) Appellant's claim that the court applied the wrong standard in reviewing the motion for new trial based upon the verdict being contrary to the evidence was not preserved. *See Carratelli v. State*, 832 So. 2d 850, 856 (Fla. 4th DCA 2002) (a party must obtain a ruling from the trial court to preserve an issue for review).

*Affirmed.*

WARNER, GROSS and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3