IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

JESUS G. GONSALEZ,

       Appellant,

v.
                                      Case No. 5D22-940
                                      LT Case No. 2017-CF-0589

STATE OF FLORIDA,

       Appellee.
_____/

Opinion filed April 21, 2023

3.850 Appeal from the Circuit Court
for Putnam County,
Howard O. McGillin, Jr., Judge.

Jesus G. Gonsalez, Lowell, pro se.

Ashley Moody, Attorney General,
Tallahassee, and Rebecca Rock McGuigan,
Assistant Attorney General, Daytona Beach,
for Appellee.

EISNAUGLE, J.

      Appellant, Jesus G. Gonsalez, appeals the summary denial of his

Florida Rule of Criminal Procedure 3.850 motion challenging his convictions

after an open plea for leaving the scene of a crash involving serious bodily

injury, leaving the scene of a crash involving damage, careless operation of a motor vehicle without a valid driver's license, and driving a commercial vehicle while license suspended. We reverse as to Grounds 2, 3, 6, and 9, and otherwise affirm.

<u>Failure to Investigate Witnesses</u>

In Ground 2, Gonsalez alleged that he was forced to enter an open plea[1] because his counsel failed to investigate and prepare certain defense witnesses for trial. Specifically, Gonsalez alleged that these fact and expert witnesses would have established that he did not know he was in a collision because a heart condition caused him to black out while driving.

In summarily denying this claim, the postconviction court reasoned that the record conclusively refutes this claim because counsel was prepared enough at sentencing to cross-examine certain witnesses on this subject. On appeal, Gonsalez argues that counsel's preparation for sentencing, which was more than two months after entry of the plea, does not conclusively refute this claim.

---

[1] The record attachments do not include the plea colloquy, nor does our record indicate whether a trial was imminent at the time of the plea. Given our very limited record, we consider the issues only as framed, and find no grounds for a "tipsy coachman" affirmance. *See Robertson v. State*, 829 So. 2d 901, 906 (Fla. 2002).

As to the expert witnesses, Gonsalez alleged a sufficient claim. *See State v. Lucas*, 183 So. 3d 1027 (Fla. 2016). Moreover, we agree with Gonsalez that the record attachments, which largely focus on the sentencing hearing, do not conclusively refute the claim. We therefore reverse and remand for the postconviction court to conduct an evidentiary hearing or to attach records conclusively refuting this part of the claim.

As to the fact witnesses, however, Gonsalez's claim was conclusory and insufficiently pled. *See Nelson v. State*, 875 So. 2d 579, 583–84 (Fla. 2004). Therefore, on remand, the postconviction court must give Gonsalez an opportunity to amend this claim as to the fact witnesses. *See* Fla. R. Crim. P. 3.850(f)(3).

### Plea to Mutually Exclusive Crimes

In Ground 3, Gonsalez alleged that his counsel was ineffective, as we read the claim, for advising him to enter an open plea to both leaving the scene of an accident with serious bodily injury and leaving the scene of an accident with only property damage. *See* §§ 316.027(2)(b), .061(1), Fla. Stat. (2016). Ground 3 fully analyzes the pertinent statutory language to argue that these two crimes are mutually exclusive, quoting *Linen v. State*, 268 So. 3d 874, 876 (Fla. 2d DCA 2019) in support, and concludes with an allegation that if counsel had been effective, "the plea process would have been different."

While the substance of Ground 3 is clear to us, at times Gonsalez inartfully labeled counsel's alleged ineffectiveness as allowing "true inconsistent verdicts" despite the fact there was no verdict in Gonsalez's case. Nevertheless, the motion also more accurately described this ground as allowing "inconsistent judgments" and "inconsistent convictions and sentences."

In summarily denying this claim, the postconviction court focused on the phrase "inconsistent verdicts" and reasoned that there could not be an inconsistent verdict in this case because Gonsalez entered a plea.

On appeal, Gonsalez argues that the postconviction court erred in denying this ground. We agree. Considering Ground 3 in its entirety, we conclude that a fair reading of the ground is not that Gonsalez somehow suffered truly inconsistent jury verdicts. *See Gunn v. State*, 378 So. 2d 105, 106 (Fla. 5th DCA 1980) (employing "a fair reading" of pro se postconviction motion). Instead, Ground 3 alleges that counsel was ineffective for advising Gonsalez to enter a plea to mutually exclusive crimes, as explained in *Linen*.[2]

---

[2] Importantly, other than recognizing that Gonsalez mistakenly used the term "inconsistent verdict," we need not rewrite or add to the motion to reach our interpretation of Ground 3.

4

Given that the postconviction court misinterpreted Ground 3, we reverse and remand for the court to either conduct an evidentiary hearing or attach records conclusively refuting this claim.

Plea Based on Incorrect Sentencing Score

In Ground 6, Gonsalez alleged that his counsel was ineffective for advising him to enter an open plea based on a scoresheet that incorrectly indicated he qualified for a non-prison sanction. The motion explains that the State submitted an amended scoresheet at sentencing, which increased Gonsalez's lowest permissible sentence to 55.4 months in prison. In the motion, Gonsalez alleged that no reasonable attorney would advise a defendant to plead open based on the possibility of a non-prison sanction when the correct scoresheet required a minimum sentence of 55.4 months.

In summarily denying Ground 6, the postconviction court interpreted the claim as alleging that Gonsalez was sentenced using an incorrect scoresheet. On appeal, Gonsalez argues that he was not challenging the scoresheet used at sentencing, but instead argued that his counsel was ineffective for advising him that he would qualify for a non-prison sanction if he entered a plea. We agree that the postconviction court misinterpreted Gonsalez's argument, and we reverse and remand for the court to either

conduct an evidentiary hearing or attach records conclusively refuting the claim.

Given our disposition on Grounds 2, 3, and 6, we also reverse as to Ground 9, which alleges cumulative error.  We otherwise affirm.

AFFIRMED in part; REVERSED in part; and REMANDED.

LAMBERT, C.J., and EDWARDS, J., concur.