675 So.2d 666 (1996)
Orestes BORREGO, M.D., Appellant,
v.
AGENCY FOR HEALTH CARE ADMINISTRATION, Appellee.
No. 95-3667.
District Court of Appeal of Florida, First District.
June 18, 1996.
*667 Joyce Sibson Dove, Tallahassee, for Appellant.
Hugh R. Brown and Kathryn L. Kasprzak, Senior Attorneys, Agency for Health Care Administration, Tallahassee, for Appellee.
ERVIN, Judge.
In this case of first impression in Florida, Dr. Orestes Borrego, appellant, contends that the Board of Medicine's suspension of his medical license, which was based solely upon his conviction of a federal offense, constituted a violation of the double jeopardy clause. We affirm.
Dr. Borrego pled guilty to conspiracy to defraud the federal Medicare program by filing false claims for reimbursement with regard to provision of nutritional supplements. He was adjudicated guilty and sentenced to incarceration for a year and a day, three years of supervised release, and payment of $103,989 restitution. He has served his prison term, paid all fines and assessments, and should complete his supervised release in January 1998. Pursuant to an investigation conducted by Florida's Department of Business and Professional Regulation and appellee, the Agency for Health Care Administration, appellee filed an administrative complaint against Dr. Borrego, alleging that he violated section 458.331(1)(c), Florida Statutes, which authorizes disciplinary action against a physician who is found to have been convicted of a crime "which directly relates to the practice of medicine or to the ability to practice medicine."
Following an administrative hearing, the Board of Medicine concluded that Dr. Borrego violated section 458.331(1)(c), and ordered him to pay a $5,000 fine to the Board, reprimanded him and suspended his license for 18 months, to be followed by three years of probation. Dr. Borrego principally contends[1] that he is being twice punished for the same offense, because the elements of his penal disciplinary offense include the elements of his federal criminal offense. We conclude, however, that the prohibition against double jeopardy does not apply to the license suspension at bar, because the statutory authority for disciplinary action under these circumstances is remedial rather than punitive.
At issue is the double jeopardy clause's protection against multiple punishments for the same offense. A civil sanction may constitute punishment if it serves punitive rather than remedial goals. United States v. Halper, 490 U.S. 435, 448, 109 S.Ct. 1892, 1901, 104 L.Ed.2d 487, 501 (1989). Although a proceeding to suspend or revoke a *668 license is considered penal in nature,[2] this principle does not resolve the material issue as to whether the goal of the penalty prescribed is punitive or remedial.
The United States Supreme Court has characterized as remedial the "revocation of a privilege voluntarily granted." Helvering v. Mitchell, 303 U.S. 391, 399 & n. 2, 58 S.Ct. 630, 633 & n. 2, 82 L.Ed. 917, 922 & n. 2 (1938). The Court cited an earlier case as an example, wherein it had concluded that disbarment of an attorney is not intended to punish, but to preserve courts from the "ministration of persons unfit to practice in them." Ex parte Wall, 107 U.S. 265, 288, 2 S.Ct. 569, 588-89, 27 L.Ed. 552, 561 (1883).
Courts in three states have also applied the above precedent in concluding that a board of medical examiners' suspension of a physician's medical license based upon a prior criminal conviction does not violate the constitutional bar against double jeopardy. Loui v. Board of Medical Examiners, 78 Hawai'i 21, 889 P.2d 705 (1995); Emory v. Texas State Bd. of Medical Examiners, 748 F.2d 1023 (5th Cir.1984); Kvitka v. Board of Registration in Medicine, 407 Mass. 140, 551 N.E.2d 915, cert. denied, 498 U.S. 823, 111 S.Ct. 74, 112 L.Ed.2d 47 (1990). These courts have concluded that license revocation or suspension serves the purpose of protecting the public from unfit physicians rather than the punishment of the individual doctor.
In Florida, the license to practice medicine is considered a privilege granted by the sovereign, which may be withdrawn to "preserve the public health, morals, comfort, safety and the good order of society." State ex rel. Munch v. Davis, 143 Fla. 236, 242, 196 So. 491, 493-94 (1940). Indeed, section 458.301, Florida Statutes (1993), provides that the purpose for enacting chapter 458, which contains the disciplinary statute at issue, is to protect the public from practitioners who cannot comply with "minimum requirements for safe practice." Based on the above authorities, we conclude that section 458.331 was designed to serve the public welfare, and, because the sanction imposed against Dr. Borrego for its violation was remedial rather than punitive, it did not violate the prohibition against double jeopardy.
AFFIRMED.
BARFIELD, C.J., and DAVIS, J., concur.
NOTES
[1] Appellant raises a number of procedural challenges that we consider meritless.
[2] State ex rel. Vining v. Florida Real Estate Comm'n, 281 So.2d 487 (Fla.1973); Lester v. Department of Professional & Occupational Regulations, State Bd. of Medical Examiners, 348 So.2d 923 (Fla. 1st DCA 1977).