712 So.2d 798 (1998)
STATE of Florida, Appellant,
v.
Kenneth B. BOWLING, Appellee.
No. 97-04311.
District Court of Appeal of Florida, Second District.
June 26, 1998.
*799 Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellee.
ALTENBERND, Acting Chief Judge.
The State appeals an order dismissing grand theft charges against Kenneth B. Bowling. The trial court decided that a $5,000 civil penalty and revocation of a state registration imposed by the Construction Industry Licensing Board created a double jeopardy bar to this prosecution. We reverse. It is clear that double jeopardy does not bar this criminal charge under Hudson v. United States, ___ U.S. ___, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), a decision issued after the trial court made its ruling.
In September 1995, the State filed an information charging Mr. Bowling with grand theft. Mr. Bowling was a principal in a construction company known as Princeton Homes of Southwest Florida, Inc. On January 24, 1994, he allegedly accepted a check from LaVonne Fitzpatrick in the amount of $16,900 as a deposit on the sale of a house. Thereafter, he did not attend the closing or return the money.
Mr. Bowling moved to dismiss the grand theft charges on the ground of double jeopardy. In support of his motion, he filed a final order of the Department of Business and Professional Regulation Construction Industry Licensing Board, dated August 23, 1994. That order, adopting the penalty recommended by the Sarasota County General Contractors Licensing and Examination Board, imposed a $5,000 fine and revoked Mr. Bowling's state registration pursuant to section 489.129(1)(k), Florida Statutes (1993). For purposes of this opinion we assume that the administrative proceeding arose out of the sale of the house to Ms. Fitzpatrick.[1]
*800 The trial court concluded the administrative penalty was a sufficient sanction to constitute "criminal" punishment and that it invoked the double jeopardy clause under the guidelines announced in United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). The trial court declined to follow Borrego v. Agency for Health Care Administration, 675 So.2d 666 (Fla. 1st DCA 1996), perhaps because the issue in that case was whether an earlier criminal proceeding prevented a subsequent revocation of a physician's license.
Recently, the United States Supreme Court revisited double jeopardy in Hudson v. United States, ___ U.S. at ___, 118 S.Ct. at 488. The Court disavowed its methodology in Halper and reaffirmed the analysis contained in United States v. Ward, 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980). Ward held that inquiry into whether a statutory penalty is civil or criminal proceeds on two levels. Id. at 248, 100 S.Ct. 2636. First, a court determines whether the legislature, in establishing the penalizing mechanism, indicated expressly or impliedly a preference for one label or another. Id. at 248, 100 S.Ct. 2636. Second, where the legislature has indicated an intention to establish a civil penalty, the court inquires into whether the statutory scheme on its face is so punitive in either purpose or effect as to negate that intention. Id. at 248-49, 100 S.Ct. 2636.
Under the first prong of Ward, we conclude, for several reasons, that the legislature intended to impose civil penalties in section 489.129(1)(k). First, although this statute contains no language explicitly categorizing the sanctions as "civil," it states the board can impose an "administrative" fine not to exceed $5,000. Second, the authority to revoke a registration or impose a fine is conferred upon the Construction Industry Licensing Board, an administrative agency. See Hudson, ___ U.S. at ___, 118 S.Ct. at 495. Third, section 489.129 creates a "disciplinary proceeding" rather than a criminal proceeding. Finally, chapter 489 does contain statutory provisions establishing criminal penalties for some conduct, but not for the conduct charged in the administrative complaint. See § 489.127, Fla. Stat. (1993). Thus, the legislature has clearly implied a preference to label the penalties in section 489.129 as civil.
Under the second prong of Ward, the statutory penaltiesrevocation of Mr. Bowling's state registration and payment of a maximum fine of $5,000are not so punitive that they overcome the legislative intent and render section 489.129 criminal. See Ward, 448 U.S. at 248-49, 100 S.Ct. 2636. It has long been recognized that the revocation of such a license is typically free of punitive criminal intent. See Hudson, ___ U.S. at ___ - ___, 118 S.Ct. at 495-96. The purpose of such a revocation is to protect the public from risk of future harm by the license holder. Similarly, the $5,000 fine does not render section 489.129 criminal. The payment of money is a sanction that has been enforceable by civil proceedings since the original revenue law of 1789. Id., 118 S.Ct. at 496. Thus, under the Ward test, Mr. Bowling's prior penalties were civil.
Reversed and remanded.
FULMER and CASANUEVA, JJ., concur.
NOTES
[1] The defendant's motion to dismiss states that on June 7, 1994, the Sarasota County General Contractors Licensing and Examining Board entered a final order against Mr. Bowling in case no. S940038, concerning Ms. Fitzpatrick's house. The final order of the Sarasota County Board filed by the defendant is dated June 7, 1994, but it relates to case no. S940041. That case appears to involve a different set of facts than those facts described in the motion and in this opinion. The order for case no. S940041 states that Mr. Bowling accepted checks and property in the amount of $35,000 to build a house for another customer. Mr. Bowling allegedly left that house partially completed without just cause or proper notification to the customer. We assume two orders were entered by the Sarasota County Board, and that the wrong order was filed in the record.