773 So.2d 99 (2000)
John HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-1272.
District Court of Appeal of Florida, First District.
November 21, 2000.
Nancy A. Daniels, Public Defender; Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges his convictions and sentences for possession of cocaine and resisting arrest with violence. He raises two issues: whether the trial court erred in reading the standard jury instruction, over objection, which does not instruct the jury that police had to make a lawful arrest with regard to the offense of resisting arrest; whether the trial court erred in imposing sentence under the 1998 Criminal Punishment Code ("CPC"), because it violates federal and state constitutional guarantees of due process and prohibitions against cruel and unusual punishment. *100 Appellant was sentenced to the statutory maximum sentence of five years on each offense, to run consecutively. We affirm on both issues.
With regard to the jury instruction, we agree with the appellee that the issue was not preserved for review, because appellant did not raise the precise question raised here before the trial court. Therefore, no further discussion of that issue is necessary.
With regard to the second issue, appellant argues that the 1998 CPC violates due process guarantees because it promotes disparate sentencing, contrary to the reasoning that resulted in the implementation of sentencing guidelines, and invites discriminatory and arbitrary application because it does not distinguish between career and first time felons. Appellant asserts the CPC dispenses with the principle of uniform sentencing without justification or explanation, and that the legislature did not give the same careful consideration to dispensing with the guidelines that it gave to imposing them initially.[1]
Recently, the Fourth District Court of Appeal rejected this argument, noting that "one asserting the unconstitutionality of an act has the burden of demonstrating clearly that the act is invalid." See Hall v. State, 767 So.2d 560 (Fla. 4th DCA 2000), citing Lasky v. State Farm Ins. Co., 296 So.2d 9 (Fla.1974). The Fourth District Court of Appeal also noted:
Because sentencing guidelines are not constitutional rights, they are not subject to Due Process violation attacks. See United States v. Brierton, 165 F.3d 1133, 1139 (7th Cir.1999)(stating that because "there is no constitutional right to sentencing pursuant to the Guidelines, the discretionary limitations the Guidelines place on the sentencing judge do not violate a defendant's right to due process by reason of vagueness"); United States v. Wivell, 893 F.2d 156 (8th Cir.1990)(stating that "[b]ecause there is no constitutional right to sentencing guidelinesor, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelinesthe limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague."); see also Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1993); Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).
In addition, we note that before the implementation of sentencing guidelines, "[h]istorically, in Florida and most jurisdictions, the judiciary are given the discretion to tailor a sentence appropriate to each defendant appearing in court." See Ecenrode v. State, 576 So.2d 967 (Fla. 5th DCA 1991).
Appellant also argues that the CPC is unreasonable because it permits the state to appeal a downward departure sentence, see § 924.07(1)(i), Fla. Stat. (1998), but does not allow a defendant to appeal an upward departure. See § 924.06, Fla. Stat. (1998). The CPC provides for the establishment of the lowest permissible sentence. See § 921.0024(2), Fla. Stat. (1998). It further provides that departures below the lowest permissible sentence must be explained in writing by the sentencing judge, and a sentence may only be appealed as a departure from the CPC if it is below the lowest permissible sentence. See §§ 921.002(f), (h), Fla. Stat. (1998).
Rather than providing for a sentencing range within which the trial court may exercise its discretion, the CPC provides *101 for the establishment of the lowest permissible sentence and permits the judge to sentence within its discretion from the lowest permissible sentence up to the statutory maximum without written explanation. The lowest permissible sentence is not a presumptive sentence. We are unable to conclude, based on the argument presented, that it is unreasonable, and a violation of due process, to permit the state to appeal a downward departure under the circumstances without providing for an appeal from an "upward departure" as well. Under the CPC, there is no upper limit to the possible sentence other than the statutory maximum. A defendant may appeal a sentence on the basis that it is illegal or exceeds the statutory maximum. See § 924.06(1)(d), (e), Fla. Stat. (1998). An illegal sentence is one that "patently fails to comport with statutory or constitutional limitations." See State v. Mancino, 714 So.2d 429 (Fla.1998). See also Ecenrode. As the Fourth District Court of Appeal noted in Hall, a defendant may also seek correction, modification or reduction of sentence under Florida Rules of Criminal Procedure 3.800 and 3.850.
Appellant further asserts that the CPC violates the prohibition against cruel and unusual punishment because it promotes disproportionate sentencing by permitting the imposition of consecutive sentences for offenses that would not otherwise have been subject to enhancement under Florida law beyond the five year maximum. He contends his consecutive sentences are disproportionate given the facts of this case, citing as authority, Kenimer v. State, 81 Ga.App. 437, 59 S.E.2d 296 (1950)(cruel and unusual punishment contravened when defendant sentenced to consecutive sentences of five days in jail on 238 counts of criminal contempt where statutory maximum on each count was twenty days in jail), and State ex rel. Garvey v. Whitaker, 19 So. 457 (La.1896)(cruel and unusual to impose consecutive sentences for 72 violations of city ordinance resulting in six year prison sentence). He again argues that by dispensing with the guidelines, the Legislature has stamped its approval on the sort of disparate sentencing the guidelines were designed to cure. We note that, unlike the cases cited as authority, the present case involves consecutive sentences for two distinct offenses. We also note that a review of the sentencing transcript in this case indicates appellant had a lengthy criminal history.
Appellee argues that under current law, only grossly disproportionate sentences are reviewable for violation of the prohibition against cruel and unusual punishment, citing Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), and Article I, section 17, Florida Constitution.
Recently, in the context of an Eighth Amendment challenge to the Prison Releasee Reoffender Punishment Act, this court said, "[w]e do not find that imposition of the maximum sentence provided by statutory law constitutes cruel or unusual punishment, because there is no possibility that the Act inflicts torture or a lingering death or the infliction of unnecessary and wanton pain." See Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999), review granted, No. SC96631, ___ So.2d ___ (Fla. Feb. 3, 2000). See also Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999) (citing Turner in context of disproportionality argument), review granted, 761 So.2d 329 (Fla.2000).
We are unable to conclude, based on the record and arguments before us, that appellant has demonstrated that the CPC violates the prohibition against cruel and unusual punishment.
AFFIRMED.
JOANOS, LAWRENCE and VAN NORTWICK, JJ., CONCUR.
NOTES
[1] Appellant has provided the court with copies of the following articles as supplemental authorities: Robert Batey and Stephen M. Everhart, The Appeal Provision of Florida's Criminal Punishment Code: Unwise and Unconstitutional, 11 U.Fla. J.L. & Pub. Pol'y 5 (1999); Alan C. Sundberg, Kenneth J. Plante, Kenneth R. Palmer, A Proposal for Sentence Reform in Florida, 8 Fla. St. U.L.Rev. 1 (1980).