PER CURIAM.
The defendant appeals his sentence on the ground that the Criminal Punishment Code violates the prohibition against cruel and unusual punishment and the right to due process of law. We have now rejected these constitutional arguments in another case. See Hall v. State, 773 So.2d 99 (Fla. 1st DCA 2000), rev. granted, 790 So.2d 1104 (Fla.2001). Because the defendant has not shown that the trial court erred in any other respect, his conviction and sentence must be affirmed.
We take this opportunity to announce a new policy of this court. When this court issues an opinion citing a controlling decision pending review in the Supreme Court of Florida, upon motion filed within ten days following rendition, and absent objection by the prevailing party filed within five days thereafter, this court will issue an order extending the time for filing a motion for rehearing in the case until fifteen days after the decision of the supreme court in the controlling case becomes final. The order will require the parties to submit status reports every ninety days and within ten days after the supreme court’s decision becomes final.
A party desiring to take advantage of this new procedure will be able to simply *450 await a decision in a controlling case while preserving his or her claim that the controlling decision is wrongly decided. The new procedure will relieve the party of any need-to petition the supreme court for review or to submit briefs in the supreme court. It will also minimize the extent to which the supreme court is required to address repetitive arguments in a series of cases, all presenting the same issue.
Because we have in the present case cited to a controlling decision of this court which is pending review in the supreme court, the appellant may submit his motion within ten days of the date of this opinion.
Affirmed.
BOOTH, WEBSTER and PADOVANO, JJ., Concur.