BENTON, J.,
concurring.
Kimberly Miller appeals her conviction under section 951.22, Florida Statutes (2000), and her five-year sentence for simple possession of thirty-two Tylenol P.M. pills while in county jail on the thirteenth of fifteen weekends she was required to serve as a condition of probation for compounding a felony in violation of section 843.14, Florida Statutes (1999). After a jury found her guilty of the possession offense, her probation was revoked and she was sentenced on both offenses to fíveyear consecutive sentences.
On appeal, Ms. Miller argues that her five-year, consecutive sentence for possessing Tylenol P.M. in county jail is unconstitutional on grounds urged in Hall v. State, 773 So.2d 99 (Fla. 1st DCA 2000), review granted, 790 So.2d 1104 (Fla.2001). She also argues that the Criminal Punishment Code, section 921.002(1)(h), violates the state constitutional provision guaranteeing access to courts, article I, section 21, because defendants cannot appeal sentences exceeding guidelines that do not exceed statutory máximums. But conferring statutory discretion on the trial court to pronounce sentences above the guidelines was a change in substantive law the Legislature was free to make. On the authority of Hall, the other constitutional challenges appellant makes to her sentence must also be rejected. See generally Stewart v. State, 790 So.2d 440, 440-41 (Fla. 1st DCA 2000).
Appellant’s argument that her sentence was disproportionate to her offense apparently assumes that she was not aware that possessing Tylenol P.M. in the jail was unlawful. Trial counsel did not, however, request an instruction of the kind required by Chicone v. State, 684 So.2d 736, 745-46 (Fla.1996), and the record does not reveal whether this assumption is an accurate one. Although appellate counsel mentions the potential Chicone issue in passing, he appropriately concedes that any ineffective assistance of counsel claim must await collateral proceedings. Cf. Forget v. State, 782 So.2d 410, 412-13 (Fla. 2d DCA 2001) (stating that trial counsel’s failure to request a jury instruction requiring the state to establish the defendant’s knowledge of the presence of cocaine residue in a pipe found on his person constituted ineffective assistance of counsel).