823 So.2d 757 (2002)
John HALL, Petitioner,
v.
STATE of Florida, Respondent.
No. SC01-42.
Supreme Court of Florida.
July 3, 2002.
*758 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer and Joel Arnold, Assistant Public Defenders, Second Judicial Circuit, Tallahassee, FL, for Petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau *759 Chief, Criminal Appeals, and Charmaine E. Millsaps, Assistant Attorney General, Tallahassee, FL, for Respondent.
SHAW, J.
We have for review Hall v. State, 773 So.2d 99 (Fla. 1st DCA 2000), wherein the district court expressly declared a state statute valid. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. We approve the district court's decision.

FACTS
Hall was found guilty by a jury on the following two counts: (I) possession of cocaine; and (II) resisting arrest with violence. Both offenses were third-degree felonies with a statutory maximum of five years. According to the Criminal Punishment Code worksheet, the total sentencing points were 94.4, and its calculation provided that 49.8 was the "lowest permissible prison sentence in months."[1] The worksheet indicated that "the maximum sentence is up to the statutory maximum" and that the sentences could be imposed either concurrently or consecutively.
The trial court noted Hall's criminal history, which included attempted first-degree murder, aggravated battery, shooting into a building, and aggravated assault. The judge sentenced Hall to five years' incarceration on count I and five years' incarceration on count II to run consecutively.
Hall appealed, and the First District Court of Appeal affirmed his convictions and sentences in Hall v. State, 773 So.2d 99 (Fla. 1st DCA 2000), wherein it also held that the Criminal Punishment Code (hereinafter "the Code") does not violate federal or state constitutional guarantees of due process or the prohibition against cruel or unusual punishment and is otherwise constitutional. In this Court, Hall reasserts his charge that the Code is unconstitutional.

1. Due Process
Hall argues that the Code violates his due process rights because it invites discriminatory sentencing by trial judges and promotes sentence disparity. We disagree.
It is settled federal and state law that "[t]he test to be applied to determine if a particular statute is in violation of the due process clause is whether it bears a reasonable relation to a permissible legislative objective and is not discriminatory, arbitrary, or oppressive." Johns v. May, 402 So.2d 1166, 1169 (Fla.1981); see also Chapman v. United States, 500 U.S. 453, 465, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991).
The expressed legislative purpose under the Code is articulated thusly: "The primary purpose of sentencing [pursuant to the Code] is to punish the offender. Rehabilitation is a desired goal of the criminal justice system but is subordinate to the goal of punishment." § 921.002(1)(b), Fla. Stat. (Supp.1998). "The penalty imposed [for an offense] is commensurate with the severity of the offense and the circumstances surrounding [it]." § 921.002(1)(c), Fla. Stat. (Supp.1998). In addition, "[t]he severity of the sentence increases with the length and nature of the offender's prior record." § 921.002(1)(d), Fla. Stat. (Supp. 1998).
Even though the primary goal of the Code is punishment, it does not punish indiscriminately. Based upon objective criteria, such as the severity and nature of the offense and the offender's criminal history, *760 the Legislature has provided a reasonable basis for its criminal sentencing scheme which is neither discriminatory, arbitrary, nor oppressive.[2]

2. Cruel or Unusual Punishment
Hall argues that the Code violates the federal and state constitutional prohibition against cruel or unusual punishment. He posits that his total imprisonment time120 monthsis cruel or unusual or both in that a similarly situated defendant under the prior sentencing guidelines could not have received more than 83 months' incarceration, absent departure. We disagree.
The Eighth Amendment to the United States Constitution and article I, section 17 of the Florida Constitution have historically provided protection relative to the mode and method of punishment, not the length of incarceration.[3]See Harmelin v. Michigan, 501 U.S. 957, 979, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (noting that the Eighth Amendment historically "confirm[ed] the view that the cruel and unusual punishments clause was directed at prohibiting certain methods of punishment"). "[T]he length of the sentence actually imposed is generally said to be a matter of legislative prerogative." Hale v. State, 630 So.2d 521, 526 (Fla.1993) (finding the defendant's concurrent minimum mandatory terms of ten years each did not constitute cruel or unusual punishment). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are `grossly disproportionate' to the crime." Harmelin, 501 U.S. at 1001, 111 S.Ct. 2680 (Kennedy, J., concurring). Moreover, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Rummel v. Estelle, 445 U.S. 263, 272, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); see also State v. Benitez, 395 So.2d 514 (Fla.1981).
Hall was sentenced to five years' incarceration for the possession of cocaine and another five years' imprisonment for resisting with violence, to run consecutively. He complains that his consecutive sentence is cruel and unusual. This argument is without merit. Statutorily mandated consecutive sentencing has been held to be constitutionally permissible, see United States v. Parker, 241 F.3d 1114, 1117 (9th Cir.2001) (holding that mandatory consecutive sentences imposed for convictions for use or carrying of firearm during and in *761 relation to four bank robberies, which accounted for 300 months of defendant's total sentence, did not violate Eighth Amendment); Commonwealth v. Alvarez, 413 Mass. 224, 596 N.E.2d 325 (1992), and the United States Supreme Court has rejected cruel and unusual punishment challenges to consecutive sentencing. See Hutto v. Davis, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (sentencing defendant to two prison terms of twenty years to run consecutively for two distinct counts of possession and intent to distribute marijuana was not cruel and unusual punishment). Furthermore, Florida courts have traditionally permitted consecutive sentencing for distinct offenses. See generally Hale v. State, 630 So.2d 521, 525 (Fla.1993) (concluding that a trial court may sentence consecutively for two separate offenses but it cannot enhance each sentence under the habitual violent felony statute and thereafter run the enhanced sentences consecutively without legislative authority to do so in the habitual offender statute).
Hall also asserts that the Code violates the constitutional prohibition against cruel and unusual punishment because it provides for mandatory sentences with few exceptions. We disagree. This Court has consistently held that minimum mandatory sentencing schemes do not constitute cruel or unusual punishment. See e.g., State v. Benitez, 395 So.2d 514, 518 (Fla.1981); McArthur v. State, 351 So.2d 972 (Fla. 1977); Banks v. State, 342 So.2d 469 (Fla. 1976); O'Donnell v. State, 326 So.2d 4 (Fla.1975). Moreover, under the Code, a trial court is free to sentence below the lowest permissible sentence established by the Code provided the court gives written reasons for doing so. § 921.002(1)(f), Fla. Stat. (Supp.1998).

3. Double Jeopardy
Hall asserts that the Code violates double jeopardy principles. He contends that the Code skews the sentencing process in favor of the State in that it allows the State to appeal downward departure sentences and restricts the defendant's right to appeal.
The federal and Florida constitutions prohibit being twice placed in jeopardy for the same offense. The Fifth Amendment to the federal constitution provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Florida Constitution provides: "No person shall ... be twice put in jeopardy for the same offense...." Art. I, § 9, Fla. Const. The scope of the Double Jeopardy Clause is the same in both the federal constitution and the Florida Constitution. See Carawan v. State, 515 So.2d 161, 164 (Fla.1987), superseded on other grounds by ch. 88-131, § 7, Laws of Fla.; Cohens v. Elwell, 600 So.2d 1224, 1225 (Fla. 1st DCA 1992).
This Court has recognized well-settled jurisprudence relative to the Double Jeopardy Clause:
[Double jeopardy] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.
Goene v. State, 577 So.2d 1306, 1307 (Fla. 1991) (quoting North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). "The underlying purpose of the double jeopardy clause is to avoid subjecting the defendant to repeated embarrassment, expense, anxiety, and insecurity." Goene, 577 So.2d at 1307; see also Brown v. State, 367 So.2d 616, 620 (Fla.1979) (stating general principles of double jeopardy).
*762 In the present case, the Code establishes the sentencing criteria for noncapital felonies, in relevant part:
The provision of criminal penalties and of limitations upon the application of such penalties is a matter of predominantly substantive law and, as such, is a matter properly addressed by the Legislature. The Legislature, in the exercise of its authority and responsibility to establish sentencing criteria, to provide for the imposition of criminal penalties, and to make the best use of state prisons so that violent criminal offenders are appropriately incarcerated, has determined that it is in the best interest of the state to develop, implement, and revise a sentencing policy.
§ 921.002(1), Fla. Stat. (Supp.1998). The Code sets forth guidelines in sentencing criminal defendants convicted of noncapital felonies. In other words, the Code is traditional sentencing. It does not seek a second prosecution after conviction; it does not seek a second prosecution after an acquittal; and it does not seek multiple punishments for the same offense within the same prosecution. See North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Thus, Hall's argument that the Code is unfairly skewed in the State's favor by eliminating the concept of upward departures and explicitly giving the State a right to appeal a downward departure is not a double jeopardy violation. Accordingly, we conclude that the Code does not implicate state and federal double jeopardy principles.

4. Access to the Courts and the State Constitutional Right to Appeal
Hall argues that the Code violates his access to the courts and his constitutional right to an appeal. We disagree.
"Article V, section 4(b), which grants the district courts' jurisdiction to hear criminal appeals, also grants criminal defendants a constitutional right to an appeal." State v. Jefferson, 758 So.2d 661, 664 (Fla.2000); see Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103 (Fla.1996) (construing "the language of article V, section 4(b) as a constitutional protection of the right to appeal"). However, "the legislature may implement this constitutional right and place reasonable conditions upon it so long as they do not thwart the litigants' legitimate appellate rights." State v. Jefferson, 758 So.2d 661, 664 (Fla.2000).
Hall complains that under the old sentencing guidelines, he could have been sentenced within a range of 49.8 to 83 months where the recommended sentence pursuant to the old guidelines was 66.4 months. Hall's sentence under the Code was slightly under the recommended sentence under the old guidelines for a third-degree felony. The fact that the trial court sentenced Hall consecutively[4] for two separate crimes is what increased his time of incarceration to 120 months.
Because the Code did away with upward departures short of the maximum statutory sentence, a defendant, in order to appeal the length of his sentence within the statutory maximum, must now argue that his sentence was a result of vindictiveness. See Willingham v. State, 781 So.2d 512, 514 (Fla. 5th DCA 2001). Hall, however, failed to adduce any evidence of vindictiveness or to even argue vindictiveness. He has therefore not demonstrated that the Code violates his right to appeal or unconstitutionally limits his access to the courts.

5. Separation of Powers
Hall asserts that the Code violates the principle of separation of powers by *763 legislating upon matters of practice and procedure, i.e., limiting the appellate jurisdiction of the district courts of appeal and the Florida Supreme Court, contrary to article V, section 2(a) of the Florida Constitution.
Criminal sentences are a product of legislative decision. See Booker v. State, 514 So.2d 1079, 1082 (Fla.1987) (recognizing "that setting forth the range within which a defendant may be sentenced is a matter of substantive law, properly within the legislative domain"). In Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958), the United States Supreme Court recognized that "[w]hatever views may be entertained regarding severity of punishment, whether one believes in its efficacy or its futility, these are peculiarly questions of legislative policy." Id. at 393, 78 S.Ct. 1280 (citation omitted).
In regard to a potential violation of separation of powers, the question is whether the Code is substantive in nature and, therefore, properly within the Legislature's authority. See Benyard v. Wainwright, 322 So.2d 473 (Fla.1975). This Court defined substantive law, procedural law, and judicial procedural rules as follows:
Substantive law prescribes the duties and rights under our system of government. The responsibility to make substantive law is in the legislature within the limits of the state and federal constitutions. Procedural law concerns the means and method to apply and enforce those duties and rights. Procedural rules concerning the judicial branch are the responsibility of this Court, subject to repeal by the legislature in accordance with our constitutional provisions. Benyard, 322 So.2d at 475; see also Allen v. Butterworth, 756 So.2d 52, 60 (Fla.2000) (citing In re Rules of Criminal Procedure, 272 So.2d 65, 66 (Fla.1972)).
In Benyard, this Court held that "[t]he prescribed punishment for a criminal offense is clearly substantive law" and that it was this Court's opinion that "whether a sentence is consecutive or concurrent directly affects the length of time spent in prison and, therefore, rights are involved, not procedure." 322 So.2d at 475. Thus, this Court found that the imposition of concurrent and consecutive sentences was one of substantive law.
Likewise, a statutory criminal sentencing scheme, such as the Code, is substantive in nature because it is a product of legislative policy. See Smith v. State, 537 So.2d 982, 986 (Fla.1989) (holding that sentencing guidelines, insofar as they limit the length of sentences to be imposed, are substantive in nature). Thus, we find that the Code does not violate the principle of separation of powers.

6. Equal Protection
In his reply brief, Hall claims that the Code violates equal protection because it creates a classification that provides for unequal treatment of felony offenders. Hall made no argument regarding equal protection in his initial brief; thus, he is procedurally barred from making this argument in his reply brief. See J.A.B. Enterprises v. Gibbons, 596 So.2d 1247, 1250 (Fla. 4th DCA 1992) ("[A]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief."); Fla. R.App.P. 9.120(d).[5]

*764 7. Due Process Notice and Apprendi v. New Jersey

In instances where the lowest permissible sentence exceeds the statutory maximum for an offense, the Code requires the trial court to sentence a defendant at the lowest permissible sentence. See § 921.0024(2), Fla. Stat. (Supp.1998).[6] Hall asserts that the Code violates due process because a defendant lacks proper notice of what the applicable statutory maximum would be at the time of the offense in that the number is not determined until after completion of a scoresheet. We disagree.
By virtue of the Florida Statutes and the laws of Florida, a defendant has constructive notice of the penalty for statutory crimes. See State v. Beasley, 580 So.2d 139, 142 (Fla.1991) ("As to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions."). Moreover, the Code comports with the due process requirement of fair warning. It lists every crime and gives a severity ranking for that particular crime. The Code also contains a worksheet form and directions on how to perform the calculations to arrive at a permissible sentence. An accused is not deprived of notice of the criminal penalty merely because he must conduct mathematical calculations to determine the penalty. See Gardner v. State, 661 So.2d 1274, 1276 (Fla. 5th DCA 1995), overruled on other grounds by White v. State, 714 So.2d 440 (Fla.1998). Accordingly, the Code provides proper notice of a permissible sentence and does not run afoul of due process for lack of notice. Hall also contends that section 921.0024(2), Florida Statutes (Supp.1998), violates the holding of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), wherein any fact which leads to a sentence in excess of the statutory maximum must be determined by a jury. We disagree.
Hall was sentenced consecutively at the statutory maximum for both of his offenses. The consecutive nature of Hall's sentences does not give rise to an Apprendi claim. See United States v. White, 240 F.3d 127, 135 (2nd Cir.2001) (holding that the district court's use of section 5G1.2(d) [of the United States Sentencing Guidelines to sentence defendant consecutively] did not result in a sentence on any one count above the maximum available on that count ... and so did not violate Apprendi); People v. Wagener, 196 Ill.2d 269, 256 Ill.Dec. 550, 752 N.E.2d 430, 441 (2001), cert. denied, ___ U.S. ___, 122 S.Ct. 498, 151 L.Ed.2d 408 (2001) (holding Apprendi concerns are not implicated by consecutive sentencing). In Apprendi, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. 2348. Because the sentence for each of Hall's offenses did not exceed the statutory maximum, we conclude that Apprendi is inapplicable.
Hall also asserts that the Code violates due process principles in Apprendi because section 921.0024(2), Florida Statutes (Supp.1998) creates "wandering" or "floating" statutory maximums. We disagree in this case.
Hall's lowest permissible sentence according to his scoresheet was 49.8 months, *765 which is below the statutory maximum for a third-degree felony (sixty months) as prescribed by section 775.082, Florida Statutes (Supp.1998). Hall was sentenced to sixty months for both third-degree felonies. Thus, we find this claim to be without merit.

CONCLUSION
Based on the foregoing, we conclude that Florida's Criminal Punishment Code meets constitutional muster. We approve the First District's decision in Hall v. State, 773 So.2d 99 (Fla. 1st DCA 2000).
It is so ordered.
ANSTEAD, C.J., and HARDING, WELLS, PARIENTE, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] According to the information, Hall committed his offenses on November 21, 1998, which subjected him to the Criminal Punishment Code for offenses committed on or after October 1, 1998. See § 921.002, Fla. Stat. (Supp. 1998).
[2] Some federal jurisdictions, as well as the First and Fourth Districts, question whether sentencing guidelines are, in fact, subject to due process violation attacks. Sentencing guidelines are directives to assist and limit the trial judges' discretion in sentencing, and noncapital defendants do not have a constitutional right to such directives. See United States v. Brierton, 165 F.3d 1133, 1139 (7th Cir.1999) (stating that because "there is no constitutional right to sentencing pursuant to the Guidelines, the discretionary limitations the Guidelines place on the sentencing judge do not violate a defendant's right to due process by reason of vagueness"); United States v. Wivell, 893 F.2d 156, 160 (8th Cir.1990) (stating that "[b]ecause there is no constitutional right to sentencing guidelinesor, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelinesthe limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague"); Hall v. State, 767 So.2d 560 (Fla. 4th DCA 2000); Hall v. State, 773 So.2d 99 (Fla. 1st DCA 2000).
[3] The Eighth Amendment of the United States Constitution provides as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The cruel or unusual punishment provision of Florida's Constitution, article I, section 17, states that "[e]xcessive fines, cruel or unusual punishment, attainder, forfeiture of estate, indefinite imprisonment, and unreasonable detention of witnesses are forbidden."
[4] Section 921.0024(2), Florida Statutes (Supp.1998), gives the trial court authority to sentence consecutively or concurrently under the Code.
[5] Florida Rules of Appellate Procedure 9.120(d) states as follows: "The reply brief shall contain argument in response and rebuttal to argument presented in the answer brief."
[6] Section 921.0024(2), Florida Statutes (Supp.1998), states in relevant part: "If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed."