886 So.2d 326 (2004)
Ray Michael LOCKLEAR, Appellant,
v.
FLORIDA FISH & WILDLIFE CONSERVATION COMMISSION, Appellee.
No. 5D03-2655.
District Court of Appeal of Florida, Fifth District.
November 12, 2004.
*327 James F. Cummins, Inverness, for Appellant.
Charles L. Shelfer, Deputy General Counsel and Elise M. Matthes, Assistant General Counsel, Tallahassee, for Appellee.
PLEUS, J.
Ray Locklear appeals from a final order of the Florida Fish & Wildlife Conservation Commission ("the Commission") imposing sanctions (monetary fine and license suspension) upon him following his convictions in county court for certain illegal gill net fishing-related offenses. Locklear contends that the administratively imposed sanctions constitute a double jeopardy violation and further are grossly disproportionate to the violations committed.
Review of these legal issues is de novo. See State v. Glatzmayer, 789 So.2d 297 (Fla.2001).
Locklear was convicted in Citrus County Court for violations of section 370.021(3), 370.092(2), 370.06(2), Florida Statutes, and Rule 68B-4008(2)(b), Florida Administrative Code, occurring on August 30, 2001. These violations related to illegal gill net fishing activities. Locklear was fined $517.00 and given probation and community control.
Locklear was thereafter convicted in Pinellas County Court of additional gill net violations which occurred on February 17, 2002. He was fined $700.00, placed on six months probation and ordered to complete 50 hours of community service. The Commission then notified Locklear that given this additional violation, it was suspending his commercial salt water fishing license for 12 months and imposing a fine of $5,000.00, pursuant to section 370.021(3)(b), Florida Statutes. Locklear requested a hearing and following the hearing, the sanctions were sustained.
Locklear argues that the Commission's assessment of a fine and license suspension following his convictions and punishments in county court for the underlying misconduct amounts to a double jeopardy violation. He maintains that the administrative action does not qualify as a civil or remedial sanction but rather is entirely punitive in nature.
In a case involving the interplay between administrative sanctions and a criminal prosecution for the same conduct, the United States Supreme Court explained in Hudson v. United States, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), that the Double Jeopardy Clause does not prohibit imposition of any additional sanction that could, in common parlance, be described as punishment and instead protects only *328 against imposition of multiple criminal punishments for the same offense. The Hudson Court reaffirmed its earlier analysis contained in United States v. Ward, 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980). Ward held that inquiry into whether a statutory penalty is civil or criminal proceeds on two levels. Id. at 248, 100 S.Ct. 2636. First, a court determines whether the legislature, in adopting the penalizing mechanism, indicated expressly or impliedly a preference for one label or another. Id. Second, where the legislature has indicated an intention to establish a civil penalty, the court inquires into whether the statutory scheme on its face is so punitive in either purpose or effect as to negate that intention. Id. at 248-49, 100 S.Ct. 2636.
Locklear's fine and suspension were imposed by the Commission pursuant to section 370.021(3)(b)2, Florida Statutes, which provides:
(3) PENALTIES FOR USE OF ILLEGAL NETS. 
(b) In addition to being subject to the other penalties provided in this chapter, any violation of s. 16(b), Art. X of the State Constitution, or any rules of the commission which implement the gear prohibitions and restrictions specified therein shall be considered a major violation; and any person, firm, or corporation receiving any judicial disposition other than acquittal or dismissal of such violation shall be subject to the following additional penalties:
....
2. For a second major violation under this paragraph charged within 7 years of a previous judicial disposition, which results in a second judicial disposition other than acquittal or dismissal, a civil penalty of $5,000 and suspension of all saltwater products license privileges for 12 months shall be imposed.
The legislature, by using the term "civil penalty" intended the fine and license suspension to be civil, not criminal, sanctions. In fact, section 370.021(12) provides:
LICENSES AND ENTITIES SUBJECT TO PENALTIES.  For purposes of imposing license or permit suspensions or revocations authorized by this chapter, the license or permit under which the violation was committed is subject to suspension or revocation by the commission. For purposes of assessing monetary civil or administrative penalties authorized by this chapter, the person, firm, or corporation cited and subsequently receiving a judicial disposition of other than dismissal or acquittal in a court of law is subject to the monetary penalty assessment by the commission that the license or permit has been cited in a major violation and is now subject to suspension or revocation should the license or permit be cited for subsequent major violations.
The fine assessments and license or permit suspensions are matters for the Commission to determine and are administrative, not criminal sanctions. See State v. Bowling, 712 So.2d 798 (Fla. 2d DCA 1998) (upholding grand theft prosecution of construction contractor who claimed that $5,000 civil fine and revocation of state license by Construction Industry Licensing Board for incident created double jeopardy bar to criminal prosecution).
Further, the sanctions are not so punitive as to render the statute criminal. Generally the revocation of a license is deemed free of punitive criminal intent, the purpose instead being the protection of the public welfare. See Bowling, 712 So.2d at 800; Haas v. Department of Business and Professional Regulation, 699 So.2d 863 (Fla. 5th DCA 1997); Borrego v. Agency for Health Care Admin., 675 So.2d 666 (Fla. 1st DCA 1996). The obvious *329 purpose of the license suspension here is to protect our state waters from illegal fishing activities. Likewise, the payment of a monetary fine is a well established civil remedy. Bowling. No double jeopardy violation has been established.
Locklear, relying on criminal law decisions, additionally argues that citizens are protected by the Eighth Amendment from extreme sanctions which are grossly disproportionate to the crime charged. See Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); Hall v. State, 823 So.2d 757 (Fla.2002); Morrow v. State, 856 So.2d 1043 (Fla. 5th DCA 2003). He claims the sanctions imposed by the Commission, pursuant to section 370.021(3)(b)2, when combined with the criminal sanctions, created a punishment that was grossly disproportionate to the offenses.
It is an elementary principle of administrative law that so long as a penalty imposed by an administrative agency is within the permissible range of statutory law, an appellate court will not disturb the penalty unless the administrative findings are reversed in whole or in part. Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla.1979); Clark v. Department of Professional Regulation, Board of Medical Examiners, 463 So.2d 328 (Fla. 5th DCA 1985). Locklear does not argue that the penalty exceeds the permissible range of statutory law.[1]
Locklear's claim that the combined penalties violate the Eighth Amendment lacks merit. In Hall, the Florida Supreme Court explained that the Eighth Amendment does not require:
strict proportionality between crimes and sentences. Rather, it forbids only extreme sanctions that are `grossly disproportionate' to the crime. Harmelin, 501 U.S. at 1001 [111 S.Ct. 2680] (Kennedy, J. concurring). Moreover, `outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare.'
823 So.2d at 760.
Locklear does not explain how a $5,000 fine following his second conviction for illegal gill net fishing activities is grossly disproportionate to the crime. Well-settled Florida decisional authority provides that a statutorily authorized civil fine will not be deemed so excessive as to be cruel or unusual unless it is so great as to shock the conscience of reasonable men or is patently and unreasonably harsh or oppressive. Amos v. Gunn, 84 Fla. 285, 94 So. 615 (1922). See also State v. Champe, 373 So.2d 874 (Fla.1978). The fine imposed here in no way approaches this extreme level.
AFFIRMED.
ORFINGER and TORPY, JJ., concur.
NOTES
[1] Indeed, the penalty is within the range set by the legislature in section 370.021. Under such circumstances, the wisdom of the penalty assessed is a matter entirely within the ambit of the Commission. See Wax v. Horne, 844 So.2d 797 (Fla. 4th DCA 2003).