# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-1788
_____

TERRANCE ANTON HARRIS,

   Appellant,

v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Coleman L. Robinson, Judge.

August 21, 2024

PER CURIAM.

   AFFIRMED.

B.L. THOMAS and NORDBY, JJ., concur; TANENBAUM, J., concurs
with opinion.

_____

***Not final until disposition of any timely and
authorized motion under Fla. R. App. P. 9.330 or
9.331.***

_____

TANENBAUM, J., concurring.

Though not raised by Harris in this appeal, the record reveals a potentially illegal sentence, one imposed by the trial court after improperly revoking his probation. Section 948.06(2)(f)1., Florida Statutes, requires (except in limited circumstances not applicable here) the trial court to "modify or continue a probationary term" if all the following apply:

a. The term of supervision is probation.

b. The probationer does not qualify as a violent felony offender of special concern, as defined in paragraph (8)(b).

c. The violation is a low-risk technical violation, as defined in paragraph (9)(b).

d. The court has not previously found the probationer in violation of his or her probation pursuant to a filed violation of probation affidavit during the current term of supervision. A probationer who has successfully completed sanctions through the alternative sanctioning program is eligible for mandatory modification or continuation of his or her probation.

"Failure to report a change in address or other required information" is a "low-risk technical violation[]." § 948.06(9)(b)3., Fla. Stat.

The probation officer averred in part in the violation affidavit that Harris had "absconded," specifying though that it was condition three of the probation order Harris violated. Condition three required Harris to "remain in a specified place" and precluded him from changing his "residence or employment" or leaving the county where he resides "without first procuring the consent of [his probation] officer." After a contested evidentiary hearing, the trial court violated Harris for failure to comply with condition three. It seems to me the violation was a low-risk one under the statutory definition, yet the trial court revoked Harris's probation, imposing a five-year prison sentence rather than "modify[ing] or continu[ing]" the probation as required by section 948.06(2)(f)1.

Despite the apparent impropriety of the trial court's revocation order and the ostensibly unauthorized prison sentence imposed as a result, there is nothing we can do in this direct appeal because Harris did not properly raise the issue. *See Hall v. State*, 823 So. 2d 757, 763 (Fla. 2002) (finding where the appellant "made no argument" as to a certain issue in his initial brief, that issue was deemed abandoned); *D.H. v. Adept Cmty. Servs., Inc.*, 271 So. 3d 870, 880 (Fla. 2018) ("Claims of error not raised by an appellant in its initial brief are deemed abandoned."); *cf. State v. Dortch*, 317 So. 3d 1074, 1081 (Fla. 2021) (describing that even if an error is fundamental, "a defendant has no constitutional due process right to the correction of unpreserved error"); *id.* at 1081–82 (explaining that "for sentencing errors, to raise even fundamental errors on appeal, defendants must first file a motion under rule 3.800(b)"). Whether Harris has another avenue by which to challenge his sentence possibly is a question for another day. Here, we must affirm on the arguments Harris did make.

_____

Jessica J. Yeary, Public Defender, and Ross S. Haine II, Assistant Public Defender, for Appellant.

Ashley Moody, Attorney General, and Amanda A. Uwaibi, Assistant Attorney General, for Appellee.