# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0765
Lower Tribunal No. 2024-CF-000962

_____

FLORENTINO DE LOS SANTOS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Catherine L. Combee, Judge.

June 12, 2026

PER CURIAM.

AFFIRMED. *See Monroe v. State*, 191 So. 3d 395, 401 (Fla. 2016), *receded from on other grounds by Steiger v. State*, 328 So. 3d 926, 932 (Fla. 2021) ("There are only two instances in which an unpreserved challenge to the sufficiency of the evidence can be reviewed: (1) the mandatory review by this Court of the evidence by which a capital defendant was convicted and sentenced to death; and (2) when there is insufficient evidence that a defendant committed any crime."); *Rosen v. State*, 940 So. 2d 1155, 1160 (Fla. 5th DCA 2006) ("This court has held that when

conduct occurs as described in the statute, the question of whether the acts were committed lewdly or lasciviously is one of fact. . . . Thus, it was up to the jury to decide whether Rosen's behavior violated the statute based upon the totality of the circumstances. . . . Whether Rosen's acts were intentional acts of a lewd and lascivious nature depended on the jury's factual determination of his intent when he touched the children."); *State v. Santiago*, 938 So. 2d 603, 605 (Fla. 4th DCA 2006) ("Whether Santiago acted with lewd or lascivious intent must be decided by the trier of fact and is not subject to dismissal by the trial court upon Santiago's Motion to Dismiss."); *Adaway v. State*, 902 So. 2d 746, 748 (Fla. 2005) ("Like the United States Supreme Court, we have been reluctant to declare a sentence cruel or unusual simply because of its length. . . . As we have stated more than once, 'the length of the sentence actually imposed is generally said to be a matter of legislative prerogative.' . . . We noted in *Hall* [*v. State*, 823 So. 2d 757, 760 (Fla. 2002), *abrogation on other grounds as recognized in State v. Johnson*, 122 So. 3d 856, 862 (Fla. 2013),] that both '[t]he Eighth Amendment to the United States Constitution and . . . article I, section 17 of the Florida Constitution have historically provided protection relative to the mode and method of punishment, not the length of incarceration.'").

STARGEL, NARDELLA and MIZE, JJ., concur.

2

Blair Allen, Public Defender, and Kimberly Nolen Hopkins, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and J. Wade Stidham, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED