# Third District Court of Appeal

## State of Florida

Opinion filed June 18, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2365
Lower Tribunal No. F98-1995
_____

**Juan Leal Esquivel,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Miguel de la O, Judge.

Juan Leal Esquivel, in proper person.

James Uthmeier, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for appellee.

Before LINDSEY, MILLER, and BOKOR, JJ.

PER CURIAM.

Affirmed.  See State v. Fleming, 61 So. 3d 399, 402 (Fla. 2011) ("In light of the holding in Apprendi,[1] Florida courts determined that trial courts were still empowered to find additional facts in imposing lengthier sentences, but they were limited by the maximum punishment provided by the statute for the specific crime." (citing Hall v. State, 823 So. 2d 757, 764 (Fla. 2002) ("Because the sentence for each of Hall's offenses did not exceed the statutory maximum, we conclude that Apprendi is inapplicable."))); Blakely v. Washington, 542 U.S. 296, 303–04 (2004) ("[T]he 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.") (citations omitted); see also Maye v. State, No. SC2023-1184, 2026 WL 1346031, at *4 (Fla. May 14, 2026) ("Because Apprendi claims are subject to harmless error review, they are not the type of 'illegal sentence' claim cognizable in a rule 3.800(a) motion.").

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).